8 N.J. Super. 544 (1950)
73 A.2d 753
DEMIE J. SPOSA, PLAINTIFF,
v.
MARION SPOSA, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 31, 1950.
*545 Mr. Jesse Moskowitz, attorney for plaintiff.
Messrs. Walscheid & Rosenkranz, attorneys for defendant.
PINDAR, A.M.
Plaintiff filed his complaint for a judgment of divorce on the ground of simple desertion. The defendant, on notice of taking depositions served upon attorney for plaintiff, seeks to orally examine the plaintiff as provided by Rule 3:26  Depositions Pending Action. Plaintiff objects and on notice seeks an order vacating defendant's notice "on the ground that said notice does not comply with the rules of this court." Succinctly stated plaintiff contends that the action being one for divorce defendant's desired right is controlled and restricted by the provisions of paragraph (e) of Rule 3:26-4  Use of Depositions, which reads as follows:
"(e) When a defendant has failed to appear or to answer in any civil action, depositions and interrogatories may be taken without notice to such defendant. In an action for divorce or nullity, however, depositions and interrogatories shall be taken only for good cause shown." (Italics mine.)
*546 Under my first consideration I expressed a doubt as to what significance should be given to the meaning of the restriction provided in the second sentence of the rule under review and suggested that defendant's notice be vacated with permission to apply upon a showing of "good cause" for an order to examine plaintiff. I am frank to say neither my review nor references by counsel disclose any previous construction of the particular rule. Said application has been made by defendant and the direct question of the right to take depositions in an action for divorce without order of court or other restriction where defendant has appeared and thereby presents a desire to defend the action is squarely raised.
It will not be disputed that except as otherwise provided the general rules of civil practice of the Superior Court apply to matrimonial causes. Chapter V  Depositions and Discovery, falls in that general category and must be so considered in the spirit of our new procedure. In this respect and upon further consideration I believe that to restrict the provisionary right of depositions and discovery and to require as a basis therefor the showing of good cause would be an unwarrantable construction unless it be clearly stated otherwise. It is clear that the amendment of Rule 3:26-4 by the addition of paragraph (e) had as a direct purpose the elimination of the prerequisite of notice for the taking of depositions and interrogatories to a defendant who "has failed to appear or to answer." A provision eventful in the case of default is entirely without application in the event of appearance and contest. The second sentence (providing for the restriction) of paragraph (e) must be construed with respect to the full scope of the amendment. So considered it is clear that the restriction "for good cause" applies to such action in which the defendant fails to "appear or answer." The premise thereof is undoubtedly founded on the interest of the State in matrimonial causes to preserve the marriage. Because of the utter indifference of a defaulting defendant, proceedings for dissolution or voidance should not be without judicial control. Moreover, I believe if the showing "for good cause" *547 was intended to restrict the right of depositions and discovery in other than uncontested actions for divorce or nullity as provided in the amended rule under review, the Supreme Court would have incorporated that restriction in the provisions of Rule 3:26-1  When Depositions May Be Taken. Furthermore, whatever objection a contender against the allowance of depositions or interrogatories in a contested action for divorce or nullity can have, that situation is completely within the control of the court as in all other civil proceedings under the provisions of Rules 3:30-2 and 3:30-4.
After full consideration of the matter at Bar I have concluded to advise an order denying plaintiff's application to vacate defendant's notice of taking depositions. Accordingly, a determination on defendant's application to proceed on the showing of good cause is moot.
In view of this conclusion I shall further advise that the defendant proceed and complete the taking of depositions with dispatch in accordance with the rules, and that she serve her answer to the complaint within ten days after the depositions are closed. The rule of court as to the time for serving defendant's answer is to that extent relaxed.
Counsel should present an order in conformity with my conclusion.