S., PLAINTIFF, v. A., DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided January 5, 1972.

*Mr. Bruce R. Sandles* for plaintiff.

*Mr. Monroe Ackerman* for defendant (*Messrs. Rudd, Ackerman, Breitkopf and Leibowitz,* attorneys).

CONSODINE, J. C. C. (temporarily assigned). *Roberts v. Roberts*, 106 *N. J. Super* 108 (*Ch. Div.* 1969), held that this court, under its general equity jurisdiction, had the power to enjoin a husband from entering the marital home owned as tenants by the entirety where the conduct of that spouse constituted physical extreme cruelty.

We are now asked to plough a new furrow and extend that principle to a situation where the mental and alcoholic disabilities of the mother combined with unannounced absences and unannounced returns of irregular durations from and to the marital home, are without any doubt detrimental to the best interests of the children.

 This court in the exercise of its inherent *parens patriae* jurisdiction is charged with the protection of the interests of children in matrimonial litigation. 4 *Pomeroy's Equity Jurisprudence*, (1941 ed), § 1304; *Sheehan v. Sheehan*, 51 *N. J. Super.* 276 (*App. Div.* 1958).

 Nothing would be more protective and in the best interest of these children than a stable home where their roots are. The doctrine of *Roberts v. Roberts* should certainly be amplified on the facts before me.

There is no authority in this State for exclusion of one spouse from a tenancy by the entirety except the *Roberts* case. *Burger v. Burger*, 6 *N. J. Super.* 52 (*App. Div.* 1949), involved rented quarters. But see *Keller v. Keller*, 158 *N. W.* 2d 694 (N. Dak. Sup. Ct. 1968), where the court held it had the power to order one spouse to vacate the family home in the best interest of the chldren.

I direct custody to defendant with reasonable visitation to plaintiff, exclude plaintiff from the marital home, and grant *pendente lite* support to plaintiff.