124 N.J. Super. 369 (1973)
307 A.2d 119
LAY FACULTY ASSOCIATION OF REGIONAL SECONDARY SCHOOLS OF THE ARCHDIOCESE OF NEWARK, PLAINTIFF-RESPONDENT,
v.
ROMAN CATHOLIC ARCHDIOCESE OF NEWARK, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Orginial opinion filed February 2, 1973.
Supplemental opinion filed June 29, 1973.
*370 Before Judges KOLOVSKY and MATTHEWS.
PER CURIAM.
In our prior opinion we directed that defendant file a petition for an advisory opinion with the National Labor Relations Board (N.L.R.B.) with a response thereafter to be filed by defendant. We ruled that:
If the advisory opinion of the Board concludes that it would assert jurisdiction over the dispute, then the court will enter an order reversing the judgment below. However, if the Board concludes that it would not assert jurisdiction, * * * then we shall enter an order affirming the judgment appealed from. We shall do so because we are satisfied that none of the other six points argued by defendant, which we shall discuss, would warrant a reversal of the judgment. [122 N.J. Super. at 273]
Pursuant to our direction defendant filed a petition for an advisory opinion with the N.L.R.B. on February 22, 1973. Plaintiff filed an answer thereto on March 1, 1973. On March 5, 1973 the Regional Director for Region 22 of *371 the N.L.R.B. filed a motion to intervene, and on March 12, 1973 defendant filed a response to the Regional Director's motion and to plaintiff's answer.
Because the "Advisory Opinion" of the N.L.R.B., dated June 14, 1973, refers thereto, we interpolate to comment that the Regional Director's motion referred to two cases involving defendant Archdiocese which he had had before him and the "commerce" information with respect to the Archdiocese which he had then obtained.
The first case was instituted by a petition filed on March 17, 1969 by John Tiedemann Incorporated alleging that it performed services valued in excess of $50,000 a year for the Archdiocese and charging that a painters' union was engaging in unlawful picketing. The case was closed by an "informal settlement agreement to which the Archdiocese was not a party."
The second case was instituted on April 16, 1972 by a petition filed by a cemetery workers' union claiming to represent employees of the Archdiocese employed at one of the cemeteries owned by it. The Regional Director's motion recited the information he had then obtained as to the activities, revenues and purchases of the Archdiocese and then concluded:
As a result of the investigation, and noting that the cemetery activities, including limitation of burials to Roman Catholics and members of their families, were intimately connected with the religious activities of the Roman Catholic Church, it was concluded that it would not effectuate the purposes of the Act for the Board to assert its jurisdiction. Accordingly, the undersigned dismissed the petition on April 27, 1972. Petitioner did not appeal.
On June 14, 1973 the N.L.R.B. entered an order, captioned "Advisory Opinion," in which, after noting that the Regional Director's motion to intervene "set forth commerce information developed in the course of his investigation of the unfair labor practice charge in Case 22-CP-126 and the representation petition in Case 22-RC-1289," it granted his motion.
*372 The Advisory Opinion then detailed a history of the litigation between the parties, as well as a summary of defendant's activities and its contentions, including its argument that
* * * the Board should advise that it would assert jurisdiction because the revenues and operations of the schools meet any of the Board's jurisdictional standards and have a substantial impact on interstate commerce,
and then concluded as follows:
On the basis of the foregoing the Board is of the opinion that:
As indicated above, the Union won the court-directed representation election conducted on June 4, 1971, and thereafter on July 22, 1971, the state court entered its final judgment, directing the Employer to bargain. Although the Employer appealed to the Appellate Division, it complied with the state court's direction to bargain. As a result, on June 14, 1972, the Employer and Union entered into an agreement subject to the appeal. Presumably, the parties are complying with and acting pursuant to the provisions of the agreement. On February 22, 1973, the Employer, at the direction of the Appellate Division, petitioned for advisory opinion. The state court-directed representation election had been conducted nearly 2 years ago, and a year later, as a result of bargaining between the Employer and Union, an agreement was executed under which the parties presumably have been operating for nearly a year. In these circumstances and in view of our policy of according the same effect to a state-directed election and certification as we do to our election and certifications, we would not entertain a representation petition involving the employees herein at this time. We therefore do not believe that any useful purpose would be served by the issuance of an advisory opinion on the issue of commerce jurisdiction over the Employer's secondary schools. Accordingly, it is hereby ordered that the petition for advisory opinion be, and it hereby is, dismissed. (Emphasis added)
In view of the determination by the N.L.R.B. that it "would not entertain a representation petition involving the employees herein at this time" and thus would not assert jurisdiction of the dispute involved in the appeal before us, we shall, for the reasons set forth in our prior opinion, affirm the judgment appealed from.
The judgment is affirmed.