157 N.J. Super. 293 (1978)
384 A.2d 920
IN THE MATTER OF THE ADOPTION OF A CHILD BY DANIEL F.D. McKINLEY AND PATRICIA E. McKINLEY.
Superior Court of New Jersey, Chancery Division.
Decided March 1, 1978.
*296 Messrs. Murray, Seymour & Boyd, attorneys for plaintiffs (Mr. John A. Boyd, appearing).
IMBRIANI, J.C.C.
New Jersey parents, now in the midst of divorce proceedings, previously transferred physical custody of their five-day-old child to plaintiffs, adopting parents who have at all relevant times been residents of New York.
May this court entertain a complaint for adoption by the adopting parents since they, as well as the child, reside in New York? This court answers affirmatively.
*297 Does this court have jurisdiction over the subject matter, i.e., an adoption involving residents of another state? Unlike jurisdiction over the person, jurisdiction over a subject matter cannot be conferred by consent.
Jurisdiction over the subject matter is the power of a court to hear and determine cases of the class to which the proceeding in question belongs. It rests solely upon the court's having been granted such power by the Constitution or by valid legislation, and cannot be vested by agreement of the parties. [State v. Osborn, 32 N.J. 117, 122 (1960)]
Lacking jurisdiction, any judgment rendered is an absolute nullity.
Adoptions were unknown at common law and emanate from statutory authority. In re Flasch, 51 N.J. Super. 1, 15 (App. Div. 1958). So it is to the statute we must first turn.
Most states provide by statute that suits for adoption may be entertained only if the adopting parents, the child, or both, reside within the state. "Adoption: Residence-Domicile," 33 A.L.R.3d 176, 191-197. Often a minimum period of residence is required. Unlike those of most states, the New Jersey statute is silent as to residence or domicile, N.J.S.A. 9:3-17 et seq., albeit it does by inference anticipate that some parties, including presumably the adopting parents, may reside without New Jersey by directing that the "[n]otice of the preliminary hearing shall be served personally within or without the State upon each person having custody of the child." N.J.S.A. 9:3-23A (4). It speaks of concern for protecting the rights of the natural and adopting parents, as well as the child. N.J.S.A. 9:3-17.
Absent a statutory "requirement of residence of the person who petitions for the adoption, or of the residence of the child within the state, it is generally held that such terms will not be implied, and the mere presence of the parties [is] sufficient basis for jurisdiction." 2 Am. Jur.2d, Adoption, § 50.
*298 While our statute is silent as to the necessity of residence or domicile, the rules of court are not. R. 4:94-1(a) requires that, but for two exceptions (one of which is not relevant and the other is discussed infra), an action for adoption "shall be brought or the venue laid in the county where the plaintiff is domiciled." Both the residence and domicile of plaintiffs clearly lie in New York. See Kurilla v. Roth, 132 N.J.L. 213 (Sup. Ct. 1944), for a discussion of these terms.
The rules of court do not mandate a dismissal of this action. They are addressed to "venue," which simply means where to place an action, and are procedural in nature only.
What we are concerned with here is jurisdiction, which involves the inherent power of a court to decide a case. And that power emanates from the Constitution or valid legislation. State v. Osborn, supra.
These plaintiffs are not forum shopping, nor do they seek to avoid the courts of New York. The reason for filing the adoption in New Jersey is to acquire in personam jurisdiction over the natural parents who reside in New Jersey. The reason for this is clear.
The purpose of a judgment of adoption is not only to create a filial relationship between the adopting parents and the child, but equally important, to sever, completely and forever, all rights, duties and obligations between the natural parents and the child. The latter will follow only if the court rendering the judgment acquired in personam jurisdiction over the natural parent; otherwise such judgment will not be entitled to full faith and credit. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953).
Since the natural parents of this child are residents of New Jersey, plaintiffs seek to invoke the jurisdiction of this court. If this court were to decline jurisdiction, these plaintiffs would be confronted with the frustrating dilemma of either moving to New Jersey or foregoing the adoption. Neither alternative is sensible or fair. Indeed, it may well *299 be that under these circumstances New Jersey has a constitutional obligation to provide a forum to plaintiffs pursuant to the equal protection requirements of the Fourteenth Amendment to the United States Constitution. Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951).
Some may ask  why don't the natural parents submit to the jurisdiction of the New York courts? The short answer is that it is one thing for natural parents to part with a child by inaction, but it is far more difficult to actively participate in a proceeding whereby one's child will be adopted by others. The suggestion is not practicable in this case and, in any event, anticipates action beyond the ability of these plaintiffs to perform.
It is gainsaid that statutes and rules are not to be read in a vacuum. They should provide a sensible and salutary solution to the every day problems of the citizenry. Absurd results grounded upon technical niceties bring our judicial system into disrepute and shame. R. 1:1-2 specifically states the purpose of our rules is "to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustified expense and delay." This court's decision will accomplish those purposes.
Plaintiffs are not invoking the jurisdiction of our courts for some improper or nefarious purpose. They would resort to the courts of New York but for the fact that New York cannot render an in personam judgment against the natural parents. Accordingly, this court decrees that it has jurisdiction of the subject matter of this action and will entertain the adoption complaint.
This court prefers to meet the issue directly and squarely, which is what it has done. But there are two strained theories to which this court could, if necessary, resort to justify taking jurisdiction.
First, as noted above, there are two exceptions to R. 4:94-1(a) requiring that an adoption suit be brought in the county where the plaintiffs are domiciled. One is *300 that "if there has been a prior proceeding or order in the Superior Court affecting the custody of the child and such court shall not previously have awarded custody of the child * * * the action shall be instituted in the Superior Court." The natural parents have filed a divorce proceeding. Whether that case raises the issue of custody or not, the court pursuant to its parens patriae jurisdiction always is charged with protecting the interests of children. S. v. A., 118 N.J. Super. 69 (Ch. Div. 1972). Indeed, even after a divorce decree has been entered, a custody application will be entertained. Cushing v. Cushing, 126 N.J. Eq. 271 (Ch. Div. 1939). It must be logically concluded that the mere filing of a suit for divorce is a "prior proceeding affecting custody" and the court has inherent power to determine the custody of all minor children.
Second, this suit could be captioned so as to make the child the plaintiff. A guardian ad litem could be appointed. We could then find the child to be "domiciled" in New Jersey because it "is assigned the father's domicile when he [the child] lives apart from the father." Restatement, Conflict of Laws 2d, § 22 (1971), comment a; A v. M, 74 N.J. Super. 104, 110 (Cty. Ct. 1962); Sposa v. Sposa, 8 N.J. Super. 544 (Ch. Div. 1950). The plaintiff, i.e., the child, can be deemed to be domiciled in New Jersey so as to comply with R. 4:94-1(a). Such domicile is sufficient to confer jurisdiction upon the New Jersey courts. Restatement, Conflict of Laws 2d, § 78 (1971); R. 4:94-1(a).
Finally, it must be noted that this is not a case in which the State of New Jersey is bereft of any interest. The natural parents are residents and domiciliaries of New Jersey. The child is domiciled in New Jersey. Certainly, this State should do everything within its power to make certain that the adoption of this child be in its best interest and that every path be explored to assure the natural parents that their rights and privileges are fully protected. It would certainly be more convenient and entail less expense to the natural parents if the forum for this litigation were to be in the county within which they reside.