RIMM, J. T. C.
This local property tax matter is before the court on the motion of the taxpayer to enforce a settlement agreement for the tax year 1980 or, in the alternative, for leave to file a tax appeal out of time for 1980.
The subject property is vacant land designated as Block 75, Lot 2-A. For the tax year 1977 the property was assessed at $80,840. The township appealed to the Ocean County Board of Taxation and the assessment was sustained. The township then appealed to the Division of Tax Appeals seeking an increase in the assessment, and the taxpayer cross-appealed seeking a re *389 duction in the assessment. The Division of Tax Appeals sustained the county board of taxation judgment on January 8, 1979. In February 1979 the township appealed from the judgment of the Division of Tax Appeals to the Appellate Division of the Superior Court and the taxpayer cross-appealed. The taxpayer alleges that, at the time of the filing of the appeal and cross-appeal with the Appellate Division, the parties agreed that the decision of the Appellate Division would be binding for the year under appeal and for the years 1978, 1979, 1980 and thereafter, without the necessity of filing additional appeals for each year.
As of October 1, 1979, for the tax year 1980, the assessor substantially increased the assessment of the subject property.
On April 9, 1980 the Appellate Division affirmed the Division of Tax Appeals judgment for 1977. The township agrees that the Freeze Act applies and that the assessment should be $80,840 for each of the years 1978 and 1979. However, the township denies an agreement for 1980, stating that the discussion concerning settlement involved the requirement that one or the other of the parties file an appeal for 1980.
The court cannot determine from the papers submitted or the arguments of counsel the exact nature of the agreement for the tax year 1980.
In this case, such an agreement is beyond the scope of municipal authority in any event. Each annual assessment of property for tax purposes is separate and distinct from the assessment for any other year. N.J.S.A. 54:4-23; Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 103, 89 A.2d 385 (1952); Gottdiener v. Roxbury Tp., 2 N.J.Tax 206, 215 (Tax Ct. 1980). In view of the changing facts which an assessor may face from year to year, the correct assessment is not determined until October 1 of the pretax year, here, October 1, 1979. N.J.S.A. 54:4-1, 23, 35; Bayonne v. International Nickel Co., 104 N.J.Super. 45, 47, 248 A.2d 547 (App.Div.1968), aff’d 54 N.J. 94, 253 A.2d 545 (1969) app. dism. 396 U.S. 111, 90 S.Ct. 396, 24 L.Ed.2d 304 (1969); Atlantic Cty. New School v. Pleasantville, 2 N.J.Tax 192, 196 *390 (Tax Ct. 1981). No enforceable agreement could have been entered into in February 1979 fixing the assessment for the tax year 1980. “[A] municipal corporation cannot be bound by an engagement it had no power to make.. . . ” Spoerl v. Pennsauken Tp., 14 N.J. 186, 189, 101 A.2d 855 (1954). Such an ultra vires act may not even be ratified. Houman v. Pompton Lakes, 155 N.J.Super. 129, 382 A.2d 413 (Law Div. 1977). Similarly, an agreement entered into prior to October 1 of the pretax year to apply the Freeze Act is not enforceable. In addition to providing that the conclusive and binding effect of a judgment shall terminate when a complete revaluation has been put into effect, N.J.S.A. 54:2 — 43 specifically excepts its application when there is a change in value, a fact not known until each annual assessing date. Further indication of the annual nature of assessing is found in the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq., and in the exemption statutes, e. g., N.J.S.A. 54:4-3.6. The farmland statute requires the filing of an application for each year for which farmland assessment is sought. N.J.S.A. 54:4 — 23.13. The exemption statutes require the filing of an initial statement when tax exemption is claimed and then a further statement every third succeeding year. The assessor may, however, inquire at any time into the right of a claimant to the continuance of an exemption. N.J.S.A. 54:4 — 4.4.
The court cannot grant the plaintiff’s request for equitable relief by tolling the time limitations contained in the statute dealing with appeals. A taxpayer seeking review by the Tax Court is required to file a complaint within 45 days of the service of the county board judgment for the subject tax year. N.J.S.A. 54:2-39. R. 8:3 — 1 provides that an action is commenced by filing a complaint with the Tax Court. Without timely filing of a complaint the Tax Court lacks jurisdiction to grant the relief sought. Danis v. Middlesex Cty. Bd. of Tax., 113 N.J.Super. 6, 272 A.2d 542 (App.Div.1971). The law with regard to filing deadlines in the Tax Court is express. The court has consistently required strict adherence to statutory filing deadlines in tax matters. Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct. 1981); Edgewater v. U. S. Life Realty Co., 2 N.J.Tax *391 421 (Tax Ct. 1981); Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct. 1979); Prospect Hill Apts. v. Flemington, 1 N.J.Tax 224 (Tax Ct. 1979); Cherry Hill Tp. v. U. S. Life Ins. Co. of N. Y., 1 N.J.Tax 236 (Tax Ct. 1980). A comprehensive statement of the law is found in Sun Life Assur. Co. of Canada v. Orange, 2 N.J.Tax 25 (Tax Ct. 1980). In that case plaintiff had filed a timely appeal from the judgment of the county board of taxation for 1978 but did not appeal the 1979 county board judgment. At the time of trial plaintiff requested, with the agreement of defendant, that the court enter a stipulated judgment for 1979, as well as for 1978, or, in the alternative, permit a late filing of a complaint for 1979. The court held that it did not have the authority to permit the pretrial order to include a subsequent tax year for which the statutory appeal period had expired. The law is settled that, unlike jurisdiction over the person, jurisdiction over the subject matter cannot be conferred by agreement. In re McKinley Adoption, 157 N.J.Super. 293, 297, 384 A.2d 920 (Ch.Div.1978); State v. Osborn, 32 N.J. 117, 122, 160 A.2d 42 (1960). This principle was recently affirmed in Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 389 A.2d 465 (1978). In that case the court said:
The principle is well established that a court cannot hear a case as to which it lacks the subject matter jurisdiction even though all parties thereto desire an adjudication on the merits, [citations omitted] Such jurisdiction must be granted to the court by the Constitution or by valid legislation, as it “cannot be vested by agreement of the parties.” [at 65-66, 389 A.2d 465]
Since subject matter jurisdiction cannot be conferred by consent of the parties, an agreement cannot serve to relieve a taxpayer of the necessity of filing an appeal. Sun Life Assur. Co. of Canada v. Orange, supra.
Although the long-standing policy of the courts favors settlement, Honeywell v. Bubb, 130 N.J.Super. 130, 325 A.2d 832 (App.Div.1974); Griggs v. Bertram, 163 N.J.Super. 87, 394 A.2d 174 (Law Div. 1978), the enforcement of agreements remains in the discretion of the court. In Jannarone v. W. T. Co., 65 N.J.Super. 472, 168 A.2d 72 (App.Div.1961), certif. den. 35 N.J. 61, 171 A.2d 147, the court said:
*392 The settlement of litigation ranks high in our public policy. Judson v. Peoples Bank & Trust Co., 25 N.J. 17, 35, 134 A.2d 761 (1957); Carlsen v. Carlsen, 49 N.J.Super. 130, 136, 139 A.2d 309 (App.Div.1958). There is no good reason why an executory agreement between the parties fairly arrived at, to settle pending litigation, should not be enforced in the cause, subject to the discretion of the court. See Clarkson v. Kelly, 49 N.J.Super. 10, 138 A.2d 747 (App.Div.1958). [at 476-477, 168 A.2d 72; emphasis supplied]
The motion of the plaintiff seeking relief for 1980 is denied.