RIMM, J.T.C.
This local property tax matter is presently before the court on defendant’s motion to vacate the judgment previously entered and to dismiss the complaint.
The facts are not in dispute. The subject property is known as Block 153, Lot 37. For the tax year 1986 the assessment was:
Land $206,300
Improvements 13,000
Total $219,300.
The property owner was dissatisfied with the assessment and filed a petition of appeal with the Atlantic County Board of Taxation, which entered a judgment confirming the assessment. Thereafter, on March 6, 1987, taxpayer filed a complaint with the Tax Court seeking a reduction in the assessment for 1986. As of March 6, 1987, the taxes for 1986 had not been paid by the property owner. The city did not, however, assert the nonpayment of taxes as a defense in any responsive pleadings, nor did it move to dismiss the complaint on the ground that the taxes had not been paid. The city did proceed with a tax sale.
Following the filing of the complaint, the Clerk of the Tax Court sent a case management notice, in the usual manner, to counsel for taxpayer and the municipality, setting forth the following schedule for the case:
Discovery Completion Date: Monday, August 10, 1987
Exhibit Exchange Date: Monday, September 7, 1987
Trial Date: Monday, October 5, 1987, 9:00 a.m.
Counsel for taxpayer then filed a trial information sheet, dated August 6,1987, in which he claimed a true value for the subject property of $175,000. A copy of the trial information sheet was *339 sent to counsel for the city. Thereafter, the trial was postponed until Monday, January 25, 1988, and the postponement was confirmed in a letter dated November 30, 1987 from counsel for the city to the court, with a copy to counsel for taxpayer. The trial was postponed again until April 27, 1988, and the postponement was confirmed in a letter to both attorneys from the court dated April 8, 1988. Both counsel advised the court that the matter was settled, and on May 5, 1988 the settlement was placed on the record with counsel for taxpayer and the city appearing. The settlement provided that a Tax Court judgment for the tax year 1986 would be entered as follows:
Land $177,000
Improvements 13,000
Total $190,000.
The settlement also provided that the freeze act applied and that, since October 1, 1986 and October 1, 1987 had passed, freeze act judgments for the tax years 1987 and 1988 would be entered as final dispositions for those years. The settlement also provided that no interest would be paid on any refund of taxes due to the property owner as a result of the settlement. The Clerk of the Tax Court entered a judgment pursuant to settlement on May 19,1988 fixing the assessment, providing for the entry of freeze act judgments and that no interest would be paid on any refund due as a result of the judgment. Copies of the judgment were sent to the attorneys for the parties with a covering letter from the Clerk of the Tax Court dated May 19, 1988.
A motion to vacate the judgment and dismiss the complaint was filed with the Tax Court on June 22, 1988. Supporting the motion was the certification of the assistant municipal tax collector that, as of the date of the filing of the complaint, March 6, 1987, and as of the date of the entry of the judgment, May 19,1988, the taxes for the tax year 1986 had not been paid. Taxes were ultimately paid by the redemption of a tax sale certificate on July 11, 1988.
*340 In making its motion, the city relies on Schneider v. East Orange City, 196 N.J.Super. 587, 593, 483 A.2d 839 (App.Div.1984) aff'd o.b. 103 N.J. 115, 510 A.2d 1118 (1986) cert. den. 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1987), in which the Appellate Division said that N.J.S.A. 54:2-39, now N.J.S.A. 54:51A-1, fixing the obligation to pay taxes, “was intended to, and by its plain unambiguous terms does, establish the prepayment of taxes then due as a jurisdictional prerequisite of an appeal to the Tax Court from a county board judgment.” Therefore, according to the city, since plaintiff’s taxes were not paid at the time of the filing of the complaint with the Tax Court, the judgment is void and must be set aside in accordance with the provisions of i?.4:50-l(d).
In Garza v. Paone, 44 N.J.Super. 553, 131 A.2d 32 (App.Div.1957), the court stated that there had been no in personam jurisdiction over defendant and that the judgment was “absolutely void and of no legal effect for any purpose.” Id. at 557, 131 A.2d 32. The city urges a similar result in the present case. However, in Garza the court refused to vacate the judgment on the ground that the application to vacate the judgment had not been made within a reasonable time under the rules. The city argues that, since its application was made less than 30 days[1] after the date of the judgment, the application was made in a reasonable time and the court must vacate the judgment and dismiss the complaint on the ground that there is no jurisdiction over the matter.
Taxpayer argues that the city is estopped from claiming that the judgment should be set aside because of the length of time the matter was pending in court and because the judgment was based on a settlement. Taxpayer also argues that the motion to vacate the judgment and dismiss the complaint was not made in a reasonable time, taking the position that “a reasonable time” relates to the time of the filing of the complaint when the *341 city was, or should have been, aware that the taxes had not been paid.
N.J.S.A. 54:51A-l.b. provides, in pertinent part, that: “[a]t the time that a complaint has been filed with the tax court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.” This statutory provision and a companion statutory provision, N.J.S.A. 54:3-27, have been variously interpreted by our courts. The latter statutory section provides, in pertinent part, that:
[a] taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the first three quarters of the taxes assessed against him for the current tax year in the manner prescribed in B.S. 54:4-66 even though his petition to the county board of taxation might request a reduction in excess of one quarter of the taxes assessed for the full year.
The judicial interpretations are as follows:
1. In Lecross Associates v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App.Div.1979), it was claimed that a judgment of the Bergen County Board of Taxation was void for lack of jurisdiction because of the property owner’s failure to pay 90%[2] of the taxes originally assessed against the property as required by N.J.S.A. 54:3-27. The municipality did not raise the issue of the nonpayment of taxes before the county board of taxation, and the court held that, notwithstanding the provisions of the statute, the judgment of the county board of taxation was not void. In arriving at that conclusion, the court said that it did not “discern a purpose to condition the power of the reviewing body to adjudicate upon the making of payment by the taxpayer.” Id. at 99, 401 A.2d 1099; emphasis supplied.
The statute was silent as to the time in which payment had to be made. The court held that it was necessary that the municipality file an appropriate defensive pleading, a motion to dismiss, or institute a tax foreclosure proceeding. As a result of Lecross, a taxpayer who has filed a petition with a county *342 board of taxation will not have his petition dismissed because of his failure to pay the taxes due at the time of the filing of the petition unless some action is taken by the municipality before the county board to enforce the payment of taxes. Even so, the taxpayer will then have until the motion comes before the county board to pay the taxes, and upon such payment the matter will proceed before the county board.
2. N.J.S.A. 54:3-27 applies to a direct appeal filed with the Tax Court under N.J.S.A. 54:3-21. Powder Mill I Associates v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983). Non-compliance with the provisions of N.J.S.A. 54:3-27 is governed by Lecross, and if taxes are paid before a motion to dismiss is heard, the direct appeal will not be dismissed.
3. A complaint filed with the Tax Court seeking review, by a trial de novo, of a judgment of a county board of taxation is governed by the provisions of N.J.S.A. 54:51A-1, formerly N.J.S.A. 54:2-39, with regard to the payment of taxes. All such taxes must be paid at the time of the filing of the complaint with the Tax Court. In Schneider v. East Orange City, supra, a complaint was filed on November 13, 1979 with the Tax Court to review a judgment of the Essex County Board of Taxation entered on October 24, 1979.
At the time of the filing of the complaint, all the taxes then due for the tax year had not been paid, and payment was not made until December 16, 1979. On the municipality’s motion, the complaint before the Tax Court was dismissed. The dismissal was affirmed on the ground that the plain language of the statute requires that all taxes due and payable for the year involved in the appeal must have been paid at the time of filing the complaint. The Appellate Division said that the Tax Court “lacked jurisdiction to hear plaintiffs’ appeal from the county tax board because all taxes then due and payable by plaintiffs were not paid at the time of the filing of the complaint.” 196 NJ.Super. at 596, 483 A.2d 839.
The Tax Court was established in accordance with N.J.S.A. 2A:3A-1, effective July. 1, 1979, L. 1978, c. 33, § 1. It was *343 established as a court of record, having a seal and with jurisdiction “to hear and determine all tax appeals of such character as now are taken to, and heard and determined by, the Division of Tax Appeals in the Department of the Treasury.” N.J.S.A. 2A:3A-3, L. 1978, c. 33, § 3. Appeals from county boards of taxation had been taken to the Division of Taxation in the Department of the Treasury. Accordingly, the Tax Court has jurisdiction over the subject matter of the present case, that is, an appeal from the Atlantic County Board of Taxation. Subject matter jurisdiction:
is the power to hear and determine cases of the general class to which the proceeding in question belongs____ The power of a court to deal with the subject matter of any given cause of action rests solely upon its having been clothed with such power by the constitution or by valid legislative enactment. [Petersen v. Falzarano, 6 N.J. 447, 454, 79 A.2d 50 (1951)]
The court also has jurisdiction over the parties. The complaint was properly filed with the Clerk of the Tax Court and served on the city, and both parties have participated in this litigation. Therefore, if the “jurisdictional requirement” of Schneider used by the city as the basis of its motion in the present case is to limit “the power of the [Tax Court] to adjudicate,” it must refer to something other than subject matter jurisdiction or jurisdiction over the parties. Accordingly, the nature of the jurisdictional limit placed on the Tax Court by Schneider must be considered.
In Noble v. Union River Logging Railroad Co., 147 U.S. 165, 13 S.Ct. 271, 37 L.Ed. 123 (1893), the Court dealt with this very point:
It is true that in every proceeding of a judicial nature, there are one or more facts which are strictly jurisdictional, the existence of which is necessary to the validity of the proceedings, and without which the act of the court is a mere nullity; such, for example, as the service of process within the state upon the defendant in a common law action____ In these and similar cases, the action of the court or officer fails for want of jurisdiction over the person or subject matter. The proceeding is a nullity, and its invalidity may be shown in a collateral proceeding.
There is, however, another class of facts which are termed quasi jurisdictional, which are necessary to be alleged and proved in order to set the machinery of the law in motion, but which, when properly alleged and established to the satisfaction of the court, cannot be attacked collaterally____ Examples of these are the allegations and proof of the requisite diversity of citizenship ...; *344 and others of a kindred nature, where the want of jurisdiction does not go to the subject matter or the parties, but to a preliminary fact necessary to be proven to authorize the court to act. [147 U.S. at 173-174, 13 S.Ct. at 273, 37 L.Ed. at 126-127; emphasis supplied]
The fact of the nonpayment of taxes is a defense available to a municipality to be proved in order to deprive the court of the authority to act. It is not a fact creating a want of jurisdiction going to the subject matter or the parties. If the municipality proves that the taxes were not paid at the time of the filing of the complaint, the complaint on an appeal from a county board of taxation will be dismissed because, the taxes not having been paid, the court may not proceed with the matter. Although the court has jurisdiction over the subject matter of the litigation before it and jurisdiction over the parties before it, the failure to pay taxes precludes the entry of a judgment. The court is no longer able to exercise jurisdiction over the matter before it and enter a judgment once the nonpayment of taxes is proved.
A taxpayer’s failure to pay taxes in a timely manner results in a jurisdictional deficiency which precludes the Tax Court from proceeding with a complaint before it on appeal from a county board of taxation judgment once the fact of the failure to pay taxes is brought before the court. The jurisdictional deficiency is not a lack of subject matter jurisdiction. It is a jurisdictional deficiency of a procedural nature which must be brought before the court by “a timely objection,” Lay Faculty Assoc. v. Archdiocese of Newark, 122 N.J.Super. 260, 269, 300 A.2d 173 (App.Div.1973), supplemented by 124 N.J.Super. 369, 307 A.2d 119 (App.Div.1973), that is to say, in a reasonable time.
The present matter depends on whether non-compliance with N.J.S.A. 54:51A-l.b. deprives the Tax Court of subject matter jurisdiction in view of the jurisdiction of the Tax Court to adjudicate matters of this nature in accordance with N.J.S.A. 2A:3A-3. Stated differently, is N.J.S.A. 54:51A-l.b. a specific limitation on the subject matter jurisdiction of the Tax Court taking precedence over N.J.S.A. 2A:3A-3? The answer is no. *345 There is no intimation in Schneider that subject matter jurisdiction did not exist in the Tax Court. “The latter question involves merely a threshold determination as to whether the court is legally authorized to decide the question presented.” Gilbert v. Gladden, 87 N.J. 275, 280-281, 432 A.2d 1351 (1981). Since there is no doubt that the Tax Court is authorized to decide the question of the correctness of taxpayer’s assessment given the statutory provisions establishing the court, the nature of the jurisdictional requirement to which Schneider refers is something other than subject matter jurisdiction. It is the jurisdiction of the court to proceed with the matter and enter a judgment to which Schneider refers. This is similar to the situation presented to a court on a motion to dismiss for failure to bring a cause of action within the time period prescribed by a statute of limitations, White v. Violent Crimes Compensation Board, 76 N.J. 368, 388 A.2d 206 (1978); or because of preemption by Federal Law.
[I]f the court does have jurisdiction of the subject matter but by reason of controlling legislation may be required to yield it in the circumstances of a particular case, the objection to the exercise of such jurisdiction must be raised by one of the parties or by the court. Absent a timely objection, the court may act. [Lay Faculty Assoc. v. Archdiocese of Newark, 122 N.J.Super. 260, 269 [300 A.2d 173] (App.Div.1973), supplemented by 124 N.J.Super. 369 [307 A.2d 119] (App.Div.1973); emphasis supplied]
The jurisdictional requirement of Schneider is a requirement relating to the exercise of jurisdiction in cases in which it is proved that taxes have not been paid in accordance with the statute.
The tax collector’s records must be reviewed within a reasonable time after the filing of a complaint seeking a reduction in taxes in order that, if the taxes have not been paid, the municipality may move for a dismissal of the complaint. What is a reasonable time after the filing of the complaint will depend on all the facts and circumstances of each case.
A timely motion to dismiss a complaint filed in the Tax Court on an appeal from a county board of taxation will be granted and the complaint dismissed if the taxes have not, in fact, been paid. However, the city’s position in this case must be rejected.
*346 The making of the motion followed the filing of the complaint by more than 15 months. A matter may not proceed through a county board of taxation and through the Tax Court to the entry of a judgment by a settlement on the record only to have the judgment vacated and the complaint then dismissed because the taxes had not been paid at the time the complaint was filed.
The issue of the nonpayment of taxes must be brought before the court by a municipality within a reasonable time after the filing of the complaint in the interest of maintaining the integrity of judicial proceedings. The failure of the city to move for dismissal on the ground of nonpayment of taxes makes this case analogous to that of Vecchione v. Wohlgemuth, 426 F.Supp. 1297 (E.D.Pa.1977), to the extent that the court said, quoting from DiFrischia v. New York Central Railroad Co., 279 F.2d 141 (3 Cir.1960):
[T]he defendant had its opportunity to have the [jurisdictional] issue heard and to present its position, but chose to admit the allegations of plaintiff’s complaint. Thereafter, it fully participated in the appropriate discovery and pretrial procedures preparatory to trial of the action on the merits____ A defendant may not play fast and loose with the j'udicial machinery and deceive the courts. [426 F.Supp. at 1309]
It is, of course, true that the taxpayer knows that his taxes are not paid, if, in fact, they are not paid at the time of the filing of the complaint. However, the fact of nonpayment of taxes is a defense to be raised by a municipality and presented to the court by motion, and the taxpayer has no way of knowing if the municipality will move to dismiss the complaint. The municipality may conclude that, in a given case for good and sufficient reasons, it will pursue the remedy of a tax sale, to be followed by a foreclosure, as was indicated in Lecross. Therefore, whether the matter will proceed through the court with attendant discovery, preparation of appraisals and other pretrial and trial activities is within the control of the municipality.
While a different statute was involved, given all the facts and circumstances of the present case, the statement of General *347 Trading Co. v. Taxation Div. Director, 83 N.J. 122, 416 A.2d 37 (1980) relating to subject matter jurisdiction applies here.
We begin with the premise that “[t]he right of appeal to the Division of Tax Appeals is purely statutory and the appellant is required to comply with all applicable statutory requirements.” Hackensack Water Co. v. Div. of Tax Appeals, 2 N.J. 157, 164 [65 A.2d 828] (1949). See also City of Newark v. Fischer, 3 N.J. 488 [70 A.2d 733] (1950); Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 25 [262 A.2d 213] (App.Div.1970); aff'd o.b. 57 N.J. 199 [270 A.2d 702] (1970), app. dism., 402 U. S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971). It does not follow, however, that every procedural omission rises to the level of a fatal defect in subject matter jurisdiction regardless of the attendant circumstances so as to deprive the taxpayer of any opportunity for review or to render void any ensuing judgment. (Id. 83 N.J. at 127-128, 416 A.2d 37]
The reason for this is obvious.
[S]tatutes and rules are not to be read in a vacuum. They should provide a sensible and salutary solution and to the every day problems of the citizenry. Absurd results grounded upon technical niceties bring our judicial system into disrepute and shame. R. 1: — 2 specifically states the purpose of our rules is “to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustified expense and delay." This court’s decision will accomplish those purposes. [In re Adoption of Child by McKinley, 157 N.J.Super. 293, 299, 384 A.2d 920 (Ch.Div.1978); emphasis supplied]
Even a void judgment need not be set aside if there are equitable considerations which warrant a different result. Jersey City v. Roosevelt Stadium, 210 N.J.Super. 315, 329, 509 A.2d 808 (App.Div.1986). That the Tax Court may entertain such equitable considerations is beyond doubt. “The tax court, in all causes within its jurisdiction, and subject to law, may grant legal and equitable relief so that all matters in controversy between the parties may be completely determined.” N.J.S. A. 2A:3A-4.a.
Equitable considerations present in this case would also justify not setting the judgment aside even if it were a void judgment. While it is true that the taxpayer knew the taxes were not paid, the decision to move to dismiss for nonpayment of taxes is with the municipality. The municipality made no such motion. The matter proceeded through the court system; taxpayer, as well as the city, took the necessary steps required by notices from the court; the parties made applications for postponements of trial dates; they engaged in settlement discussions; a proposal for settlement was presented to the gov *348 erning body of the municipality and approved by it; a hearing was held by the court with both counsel present at which time the settlement was placed on the record; and the Clerk of the Tax Court entered a judgment in accordance with that settlement. The need to enforce voluntary settlements and the need to terminate litigation would justify a refusal to grant defendant’s motion to vacate the judgment and to dismiss the complaint.
A decision refusing to vacate the judgment and dismiss the complaint will accomplish the purposes of securing a just determination, simplifying procedure, fair administration and eliminating unjustified expense and delay. In re Adoption of Child by McKinley, supra. The city’s motion is denied. Counsel for taxpayer will submit an order accordingly.

Actually the application was filed with the court 34 days after judgment. This timing, however, is not dispositive of the issue before the court.

Former requirement under N.J.S.A. 54:3-27.