PER CURIAM.
Plaintiff Woodlake Heights Homeowners Association, Inc. owns property in defendant Township of Middletown, Monmouth County. On or before November 17, 1981 plaintiff filed a real property tax appeal seeking review of certain judgments entered by the Monmouth County Board of Taxation respecting assessments of plaintiff’s property for the tax year 1981.
The fourth quarter taxes were due and payable November 1, 1981; they were paid November 23, 1982.
*366 Respondent moved in the Tax Court for an order of dismissal of the complaint pursuant to N.J.S.A. 54:2-39 for failure of plaintiff to comply with that statute. The tax judge granted the motion and plaintiffs complaint was dismissed December 27, 1982. This appeal followed.
At the time plaintiff filed its complaint in the Tax Court, N.J.S.A. 54:2-39 provided, in pertinent part, as follows:
At the time that a complaint has been filed with the Tax Court, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.
Plaintiff contends that the provisions of N.J.S.A. 54:2-39 requiring that a plaintiff pay all taxes due and owing as of the date a complaint is filed with the Tax Court are unconstitutional because they deny him due process and equal protection under the laws, unreasonably but effectively prevent access to the courts and prevent an opportunity for a full hearing on the merits of the complaint.
In essence plaintiff questions the viability of prior decisions of our Supreme Court and others upholding statutes requiring that a taxpayer “pay now and litigate later.” General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 129, 416 A.2d 37 (1980); N.Y., Susquehanna and W.R.R. v. Vermeulen, 44 N.J. 491, 210 A.2d 214 (1965). Plaintiff also challenges the specific holding of Powder Mill I Associates v. Hamilton Tp., 3 N.J.Tax 439, rev’d and remanded 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983); that this pay now—litigate later principle is applicable to N.J.S.A. 54:2-39 and the corollary holding of that case, that failure to pay in compliance with that statute is jurisdictional.
The plaintiff contends Powder Mill I was incorrectly decided and that the tax court’s reliance upon N. Y. Susquehanna and W.R.R. and General Trading Co. was misplaced.
The principle that taxes must be paid when due as a condition to litigating liability for the amount alleged due is firmly embedded in our law. N. Y., Susquehanna and W.R.R., supra, and General Trading Co., supra. This principle has *367 been applied in other jurisdictions, e.g. Blackhawk Mining Co., Inc. v. Andrus, 711 F.2d 753 (9 Cir.1983); Rosewell v. LaSalle National Bank, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); District of Columbia v. Berenter, 466 F.2d 367, 376 (D.C.Cir.1972). The cases that have considered the issue uniformly reject due process and equal protection of the laws challenges to the requirement of prior payment. The payment requirement of N.J.S.A. 54:2-39 applies to all taxpayers filing appeals with the tax court and is consistent with equal protection standards. McKenney v. Byrne, 82 N.J. 304, 317, 412 A.2d 1041 (1980).
 Nor does the statute deprive the taxpayer of due process. The critical components of due process are met here. In re Heller Suspension, 73 N.J. 292, 310, 374 A.2d 1191 (1977). A taxpayer has an opportunity to be heard before his tax liability is finalized; due process requires no more. N.Y., Susquehanna and W.R.R., supra, 44 N.J. at 501, 210 A.2d 214. Plaintiffs reliance on Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) is misplaced. In that case the court was faced with a denial of due process argument because the State of Connecticut required the prior payment of filing fees in a divorce action. The court had rejected efforts to invoke the jurisdiction of the court on the grounds the litigants were unable to pay filing fees. That holding was reversed by the U.S. Supreme Court. But plaintiff here does not plead poverty. It specifically eschewed that defense when asked about it at oral argument. Moreover, marriage was involved in the Boddie case and marriage involves a fundamental interest of basic importance to society. See U.S. v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), reh’g den. 411 U.S. 922, 93 S.Ct. 1551, 36 L.Ed.2d 315 (1972), and Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), all cases where similar arguments were rejected in other contexts.
*368 Plaintiff suggested at argument that some proceeding similar to that provided railroads by N.J.S.A. 54:29A-38 should be available to other taxpayers. See N. Y., Susquehanna, supra, 44 N.J. at 501, 210 A.2d 214. That statute provides that when a proceeding in lieu of prerogative writs is brought by a railroad to challenge the taxes assessed, the amount of the taxes not in substantial dispute shall be paid, presumably payment of the balance is to abide the determination of the pending law suit. The statute also provides a mechanism for resolving a dispute when the parties are unable to agree on the amount of taxes not in “substantial controversy.”
The Legislature could properly treat railroads as a separate classification. Adoption of the trial within a trial procedure in the case of property tax appeals would create an unwieldy scheme for resolution of such disputes and could unduly hamper governmental bodies in their financial matters. Since we find no legal impediment to the scheme presently prescribed by N.J.S.A. 54:2-39 we need not speculate on the merits of some other mechanism for collection of taxes while an appeal is pending.
The Tax Court properly held it lacked jurisdiction to hear plaintiffs complaint because plaintiff had not paid all taxes then due and payable at the time it filed its complaint.
Affirmed.