LARIO, J.T.C.
This is a motion by defendant to dismiss taxpayers’ 1982 local property tax appeal by reason of their failure to pay the balance of taxes due prior to the filing of their complaint, citing N.J.S.A. 54:2-39 [1] which at the time plaintiffs filed their complaint provided in pertinent part as follows: “At the time that a complaint has been filed with the Tax Court, all taxes or any installments, then due and payable for the year for which review is sought must have been paid.”
The undisputed facts are as follows:
Plaintiffs own property in Hamilton Township, Mercer County, designated on the tax map as Block 5, Lots 14, 16 and 17. For tax year 1982 these lots were assessed at $574,000, $27,450 and $95,500 respectively. On appeal, the Mercer County Board of Taxation entered judgments dated September 24, 1982 upholding the assessments of the three lots.
Plaintiffs appealed the county board’s three judgments by filing a single complaint in three counts with this court on November 3, 1982 at which time the following taxes were due for the tax year under appeal
Lot 14—$6,314.00
Lot 16—$ 301.94
Lot 17—$1,050.50
*372 Plaintiffs paid these outstanding taxes approximately one month after their complaint was filed, the exact date not being set forth in the affidavits submitted.
Approximately five months after the taxes were paid defendant filed this motion to dismiss the complaint contending that the Tax Court lacks jurisdiction to enter judgment since, at the time the complaint was filed with this court, all taxes for the premises under appeal were not paid for tax year 1982.
Plaintiffs responded opposing the motion, claiming that the statute does not require a dismissal since the taxes were paid prior to defendant’s motion, citing LeCross Assoc. v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App.Div.1979), certif. den. 81 N.J. 294, 405 A.2d 837 (1979), which held that a county board of taxation’s judgment was not void for lack of jurisdiction due to taxpayer’s failure to pay the statutorily required 90% of taxes originally assessed against it where borough failed to raise the issue before the county board. As an additional defense to the motion, in the event that N.J.S.A. 54:2-39 is deemed to require a dismissal of their complaint, plaintiffs attack the constitutionality of the statute, claiming that a strict construction thereof results in an unconstitutional denial of their equal protection rights under the United States and New Jersey Constitutions.
Pursuant to R. 4:28-4, notice of this constitutional challenge to the validity of the statute as applied in this case was served upon the Attorney General of New Jersey, who intervened^ and filed a brief in support of the statute’s constitutionality.
On November 3, 1982 when this complaint was filed, the fourth quarter 1982 taxes, which were then due, had not been paid. The language utilized in N.J.S.A. 54:2-39 is clear and unambiguous. Where the words of a statute are clear and unambiguous there is no room for judicial construction, White v. State Board of Tax Appeals, 123 N.J.L. 350, 353, 8 A.2d 819 (Sup.Ct.1939); and, the courts cannot arbitrarily expand their *373 scope, Galloway Tp. v. Petkevis, 2 N.J.Tax 85, 92-93 (Tax Ct.1980), nor in the absence of any evidence of a contrary legislative intent may a court give it a different meaning. Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63, 74, 447 A.2d 140 (1982); In re: Jamesburg High School Closing, 83 N.J. 540, 548, 416 A.2d 896 (1980). Therefore, if a strict interpretation of its provisions is constitutionally valid, this court must give full force and effect to its requirement that all taxes due and payable at the time the complaint from the judgment of the county board was filed must have been paid and since they were not, declare this appeal defective. Therefore, the sole issue remaining for determination is the constitutionality of the statute.
In Powder Mill I. Assoc. v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983), the Appellate Division had occasion to consider whether the payment requirement under N.J. S.A. 54:2-39 (appeals from county board judgments to the Tax Court) applied to appeals filed directly with the Tax Court pursuant to N.J.S.A. 54:3-21 as permitted where the assessment exceeded $750,000. The court concluded that the Legislature did not intend the payment provision of N.J.S.A. 54:2-39 to apply to direct appeals but instead that the payment obligation of N.J.S.A. 54:3-27, governing appeals to the county board, was the proper standard for direct appeals. The court further noted that since non-compliance with the requirements of N.J.S.A. 54:3-27 is governed by the decision of LeCross Assoc., supra, in accordance therewith it held that the Tax Court did have jurisdiction to hear the complaint on the merits since the defect was cured by the payment of taxes before the taxing district’s motion for dismissal was heard.
Plaintiffs note that if the payment provision of N.J.S.A. 54:2-39 is applied strictly, plaintiffs, having paid their balance of taxes one month after the filing of their complaint but five months prior to defendant’s motion to dismiss, cannot maintain this action because they first appealed to the county board (as required by N.J.S.A. 54:3-21); whereas, as a result of the decisions in Powder Mill I and LeCross, supra, had they been *374 able to file a direct appeal to the Tax Court pursuant to N.J.S.A. 54:3-21 (which they could not do since their assessments did not exceed $750,000) the payment requirement of N.J.S.A. 54:3-27 would apply and their appeal could not be summarily dismissed.
Plaintiffs contend to so construe these two statutes would constitute an unconstitutional denial of their equal protection rights as guaranteed by the 14th Amendment of the U.S. Constitution and Art. I, 111 of the New Jersey Constitution. In addition, they maintain that this classification violates the tax clause of the 1947 New Jersey Constitution, Art. VIII, § 1, 111(a) which directs that “property shall be assessed for taxation under the general laws and by uniform rules.” They argue that the amount of the assessment involved should not be the controlling factor in a taxpayer’s right to be heard on appeal. Accordingly, they urge, in order to avoid declaring N.J.S.A. 54:2-39 unconstitutional it should be liberally construed and given equal treatment with the interpretations of N.J.S.A. 54:3-27.
At the time the instant motion was made to this court, the appeal from the judgment of the Tax Court entered in Woodlake Heights Homeowners Assoc., Inc. v. Middletown Tp., 7 N.J.Tax 364 (App.Div.1984), whose facts were substantially similar to those present here, was pending before the Appellate Division. There, the taxpayer on or before November 17, 1981 filed a real property tax appeal from a county board judgment affirming its assessment. The fourth quarter taxes, which were due and payable November 1, 1981 were not paid until November 23, 1982. After payment of its taxes by the taxpayer, the taxing district moved before the Tax Court for an order of dismissal of the complaint pursuant to N.J.S.A. 54:2-39 for failure of plaintiff to comply with the statute. The motion was granted and the taxpayer appealed therefrom.
Since the facts and issues in Woodlake Heights are almost identical to those presented by this motion, the resolution of *375 this matter was held in abeyance pending the Appellate Division’s decision which has since been decided. Ibid.
In Woodlake Heights, the taxpayer-appellant contended before the Appellate Division that the provisions of N.J.S.A. 54:2-39 are unconstitutional because they deny appellants due process and equal protection under the law, thereby unreasonably, but effectively, preventing it access to the courts and denying taxpayer an opportunity for a full hearing on the merits of the complaint. In response thereto the Appellate Division held:
The principle that taxes must be paid when due as a condition to litigating liability for the amount alleged due is firmly embedded in our law. N.Y., Susquehanna and W.R.R. [v. Vermeulen, 44 N.J. 491, 210 A.2d 214] supra, and General Trading Co. [v. Taxation Div. Director, 83 N.J. 122, 416 A.2d 37] supra. This principle has been applied in other jurisdictions, e.g. Blackhawk Mining Co., Inc. v. Andrus, 711 F.2d 753 (9th Cir.1983); Rosewell v. LaSalle National Bank, 450 US. 503 [101 S.Ct. 1221, 67 L.Ed.2d 464] (1981); District of Columbia v. Berenter, 466 F.2d 367, 376 (D.C.Cir.1972). The cases that have considered the issue uniformly reject due process and equal protection of the laws challenges to the requirement of prior payment. The payment requirement of N.J.S.A. 54:2-39 applies to all taxpayers filing appeals with the tax court and is consistent with equal protection standards. McKenney v. Byrne, 82 N.J. 304, 317 [412 A.2d 1041] (1980).
Nor does the statute deprive the taxpayer of due process. The critical components of due process are met here. In re Heller Suspension, 73 N.J. 292 310 [374 A.2d 1191] (1977). A taxpayer has an opportunity to be heard before his tax liability is finalized; due process requires no more. [Id. at 366-367]
Although in Woodlake Heights, the Appellate Division concluded that “the payment requirement of N.J.S.A. 54:2-39 applies to all taxpayers filing appeals with the tax court and is consistent with equal protection standards,” ibid., it failed to explain how the different tax-payment requirements of those taxpayers filing direct appeals and those filing appeals from county board judgments did not violate the Equal Protection Clause; it merely stated a conclusion. In addition to the three-payment requirements as previously determined, the Appellate Division inferentially added a fourth-payment requirement when it implied that possibly an indigent plaintiff unable to pay its taxes might sustain its appeal. In this regard the court held, however, that plaintiff-Woodlake Heights’ reliance on Boddie v. Connecticut, 401 US. 371, 91 S.Ct. 780, 28 L.Ed.2d *376 113 (1971), [wherein the Supreme Court held that Connecticut’s courts could not deny jurisdiction to a litigant, in a matter which involved marriage, on the grounds the litigant was unable to pay filing fees] was misplaced because it “specifically eschewed that defense [of poverty] when asked about it at oral argument.” Woodlake Heights, supra, 7 N.J.Tax at 367.
Having received notice that Woodlake Heights further appealed to our Supreme Court based upon the constitutional issues raised, the decision in the present motion was stayed. That appeal has now been concluded. On November 7,1984 the Supreme Court held: “This matter having been duly presented to the Court, it is ORDERED that the motion of the State of New Jersey, Intervenor, to dismiss appeal is granted.”
On November 8, 1984, one day following the Supreme Court’s dismissal of Woodlake Heights, supra, the Appellate Division decided Schneider v. East Orange, 196 N.J.Super. 587, 483 A.2d 839 (App.Div.1984), certif. granted 101 N.J. 229, 501 A.2d 908 (1985), involving a case where the taxpayers had appealed to the Tax Court from a county tax board judgment. The Tax Court dismissed the appeal based upon the taxpayers’ failure to comply with the tax payment requirements of N.J.S.A. 54:2-39, now N.J. S.A. 54:51A-l(b). Taxpayers appealed this dismissal to the Appellate Division contending that the Tax Court’s strict construction of this provision of the statute was inconsistent with existing judicial interpretation given to N.J.S.A. 54:3-27 and it violated their constitutional rights of due process and equal protection.
The Appellate Division held that plaintiff’s right of due process was not violated by the Tax Court’s interpretation of the statute since the statutory procedures available to plaintiffs for the review of their assessments, N.J.S.A. 54:3-21, et seq., met the critical components of due process, to wit: adequate notice, opportunity for a fair hearing and availability of appropriate review. Id. at 595, 483 A.2d 839.
*377 In reviewing plaintiffs’ additional contention that a strict construction of the statute resulted in an infringement of plaintiffs’ equal protection guarantee, the court ruled:
Equal protection does not require that all persons must be treated identically, but rather that ‘similar people will be dealt with in a similar manner and that people of different circumstances will not be treated as if they were the same.’ Levine v. Institutions & Agencies Dept. of N.J,, 84 N.J. 234, 256 [418 A.2d 229] (1980) (citation omitted). And, unless legislation creates an inherently suspect classification, a legislative classification will be presumed valid, even if it has the effect of treating some differently from others, so long as it bears some rational relationship to a permissible stale interest. See Parham v. Hughes, 441 U.S. 347, 351, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269, 274 (1979). It must be noted that in classifying subjects for different treatment in the field of taxation a Legislature possesses the greatest freedom in classification. Madden v. Kentucky, 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590, 593 (1940); McKenney v. Byrne, 82 N.J. 304, 315 [412 A.2d 1041] (1980). Thus, in the present case, it was within the Legislature’s broad range of discretion to prescribe different jurisdictional requirements for access to the Tax Court by taxpayers who were appealing from a county board decision and those filing initial assessment appeals. Such a distinction has a rational basis in that the former, as contrasted with the latter class, has had the benefit of a hearing as to the correctness of the subject assessments and a determination has been made by a quasi -judicial body establishing the amount of taxes due and payable. As indicated in the legislative history, appeals from the county board generally are filed after the November 1 quarterly tax installment is due and the deferment of this payment during any portion of the appeal period would impose a burden upon the municipality and its taxpayers. This situation does not arise with initial appeals to the Tax Court or the county board as they must be filed by August 15, N.J.S.A. 54:3-21, with judgments of the county board rendered no later than November 15. N.J.S.A. 54:3-26. These different time sequences, and the relationship of each of the procedures to the time when tax payments are due, afford reasonable support for the difference in the payment requirements applicable to an initial complaint to the Tax Court or a county board and an appeal from a county board to the Tax Court. Accordingly, equal protection is not offended by a strict construction of N.J.S.A. 54:2-39. [196 NJ.Super. at 594-595, 483 A.2d 839]
Consequently this court is bound by the above-cited rulings of both our Supreme Court and Appellate Division that N.J.S.A. 54:2-39, now N.J.S.A. 54:51A-l(b) is constitutional.
By reason of the requirements of N.J.S.A. 54:3-27 and N.J. S.A. 54:2-39, now N.J.S.A. 54:51A-l(b), as interpreted by our Supreme Court and Appellate Division, taxpayers now have three and possibly four payment standards applicable to their tax appeals:
*378 1. Where an appeal is filed to the county tax board pursuant to N.J.S.A. 54:3-21 and the first three quarters of the taxes due for the year under review are not fully paid, the appeal is subject to a motion for dismissal; however, the taxpayer has the right to make full payment prior to the return day of the motion, thereby sustaining his right to maintain his appeal. N.J.S.A. 54:3-27; LeCross Associates, supra.
2. Where, pursuant to N.J.S.A. 54:3-21 a taxpayer files his appeal directly to the Tax Court, the payment standard applicable is the same as that applied to appeals to the county tax board pursuant to N.J.S.A. 54:3-27 as set forth in one above. Powder Mill I Assoc., supra.
3. Where a taxpayer files an appeal with the Tax Court from a judgment of the county board pursuant to N.J.S.A. 54:51A-l(b) (formerly N.J.S.A. 54:2-39), as a jurisdictional prerequisite to perfecting the appeal, all taxes due for the year under review at the time of filing must have been paid. Full payment after filing the appeal but prior to the taxing district’s motion to dismiss does not cure this defect. Woodlake Heights, supra.
4. From the Appellate Division’s opinion in Woodlake Heights a possible fourth category can be inferred, to wit: where the taxpayer establishes that its failure to pay the taxes is due to taxpayer’s indigence.
Since this is an appeal from judgments of the county board and at the time plaintiffs filed their appeal with this court all taxes due for 1982, the tax year under review, had not been paid, the standard as set forth by Woodlake Heights (three above) is applicable; and, since the record does not suggest that the taxpayer’s failure to pay the taxes was due to their indigence, this court does not have jurisdiction to entertain plaintiffs’ appeal. Defendant’s motion for summary judgment is granted.

 NJ.S.A. 54:2-39 was revised and replaced by N.J.S.A. 54:51A-1, L. 1983, c. 45, approved and effective January 28, 1983. The new enactment states: “At the time that a complaint has been filed with the tax court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.” N.J.S.A. 54:51A-l(b). This language is precisely the same as that found in N.J.S.A. 54:2-39 with the addition of the clarifying words “seeking review of judgment of county tax boards.”