16 A.3d 467 (2011)
419 N.J. Super. 184
DOVER-CHESTER ASSOCIATES, [Block 47, Lots 51 and 53], Plaintiff-Appellant,
v.
RANDOLPH TOWNSHIP, Defendant-Respondent.
Randolph Town Center Associates, L.P., [Block 224, Lots 1, 4, 83, 84, 85, 86], Plaintiff-Appellant,
v.
Randolph Township, Defendant-Respondent.
Nos. A-3445-09T3, A-3446-09T3.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 2010, in A-3445-09, and March 1, 2011, in A-3446-09.
Decided April 20, 2011.
*468 Lawrence S. Berger, Morristown, argued the cause for appellants (Berger & Bornstein, P.A., attorneys; Mr. Berger, of counsel; Carolyn B. Hand, on the briefs).
Richard W. Wenner argued the cause for respondents (Courter, Kobert & Cohen, P.C., attorneys; Lawrence P. Cohen, of counsel; Robin J. Willner, Hackettstown, on the briefs).
*469 Before Judges PARRILLO, YANNOTTI[1] and ESPINOSA.
The opinion of the court was delivered by
ESPINOSA, J.A.D.
In these appeals, we consider the application of the "interests of justice" relaxation of the requirement in N.J.S.A. 54:51A-1(b) that a taxpayer be current in its tax obligations for the year under review "[a]t the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards[.]" The Legislature has not defined "interests of justice" and we have not previously considered the application of that provision. In light of a conflict in decisions in the Tax Court, we specifically address the question whether relaxation is required in the "interests of justice" under this statute if the tax payment requirement is satisfied before the return date of a motion to dismiss its complaint. We conclude that it is not.
Each of the appellants is a taxpayer and owner of property in Randolph Township (the Township). In each case, the taxpayer filed a complaint in the Tax Court appealing from a judgment entered by the Morris County Board of Taxation (the Board) that upheld an assessment on the taxpayer's property. Neither taxpayer was current in its tax obligations at the time its appeal was filed. In each case, the Township moved to dismiss the appeal for nonpayment of taxes, relying upon an inapplicable statute, N.J.S.A. 54:3-27, and the appeal was dismissed by the Tax Court. Thereafter, each taxpayer moved for reconsideration, arguing that dismissal had been based on the wrong statute and that the court should relax the payment requirement pursuant to an "interests of justice" exception. The taxpayers appeal from the Tax Court's denial of their motions. For the reasons that follow, we affirm.

I
The requirement that municipal property taxes be paid prior to a taxpayer's challenge of a tax assessment is governed by two statutes, and differs slightly depending upon the nature of the appeal. N.J.S.A. 54:3-27 applies to direct appeals to the Tax Court and initial appeals to a county board of taxation, and provides in relevant part:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in [N.J.S.A.] 54:4-66.
It is undisputed that the appeals here are governed by N.J.S.A. 54:51A-1(b), which applies to appeals from the judgment of a county board of taxation to the Tax Court and provides:
At the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.
Two differences in these statutes are relevant to these appeals, the nature of the tax payment requirement and when it must be satisfied. A taxpayer who files a direct appeal to the Tax Court, and therefore has not gone through an adjudicatory *470 proceeding at the county board, is required by N.J.S.A. 54:3-27 to become current by paying all taxes outstanding through the first quarter of the current tax year. However, N.J.S.A. 54:3-27 does not specify when such payment must be made. The taxpayer who has first appealed the assessment to the county board and gone through an adjudication is only required by N.J.S.A. 54:51A-1(b) to pay all taxes that are due for the year under review but this obligation must be satisfied at the time the complaint is filed with the Tax Court.
In 1999, the Legislature amended both N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1(b) to "implement a series of recommendations promulgated by the Supreme Court's Committee on the Tax Court." Judiciary Committee, Statement to S. 673-208 (Feb. 23, 1998). Although the amendments did not modify the tax payment requirement of either statute, a provision was added to each statute for relaxation of the tax payment requirement in the "interests of justice." L. 1999, c. 208, §§ 5 and 14, respectively, eff. Sept. 17, 1999.
N.J.S.A. 54:51A-1(b), the statute applicable here, provides:
[T]he Tax Court may relax the tax payment requirement and fix such terms of payments as the interests of justice may require.
N.J.S.A. 54:3-27 provides:
[T]he county board of taxation may relax the tax payment requirement and fix such terms for payment of the tax as the interests of justice may require. If the county board of taxation refuses to relax the tax payment requirement and that decision is appealed, the Tax Court may hear all issues without remand to the county board of taxation as the interests of justice may require.
Because the right of appeal in the Tax Court is statutory, the appellant must comply with all applicable statutory requirements for the Tax Court to entertain the appeal. Gen. Trading Co. v. Dir., Div. of Taxation, 83 N.J. 122, 127, 416 A.2d 37 (1980); Royal Bradley Assocs. v. Bradley Beach Borough, 252 N.J.Super. 401, 403-04, 599 A.2d 1288 (App.Div.1991). The taxpayer who seeks to appeal from a judgment of the county board of taxation must therefore comply with the tax payment requirement in N.J.S.A. 54:51A-1(b) unless the Tax Court determines to exercise its limited discretion to "relax the tax payment requirement [or] fix such terms of payments as the interests of justice may require." However, the amendments did not provide any definition for the "interests of justice."

II
Plaintiff Dover-Chester Associates (Dover-Chester) is the owner of property in the Township (Block 47, Lots 51 and 53). Dover-Chester appealed the tax assessment for this property for 2008 to the Board, which entered a judgment upholding the assessment on May 22, 2008. On July 17, 2008, Dover-Chester filed a complaint with the Tax Court, seeking the review of judgments entered by the Board affirming the property assessments for Dover-Chester's lots for the year 2008. As of the time that Dover-Chester filed its complaint, the municipal taxes had been paid for Lot 53 but the tax obligations for Lot 51 had not been satisfied.
Plaintiff Randolph Town Center Associates, L.P. (Randolph) also owns property in the Township (Block 224, Lots 1, 4, 83, 84, 85 and 86). Randolph appealed the tax assessments made of the properties for 2007 and 2008 to the Board. The Board entered judgments dated May 1, 2007, and May 22, 2008, upholding the *471 assessments. Randolph appealed the Board's 2007 and 2008 judgments to the Tax Court by filing complaints on June 25, 2007, and on July 17, 2008. At the time that the 2007 and 2008 complaints were filed, Randolph had not paid all of the taxes due for the tax years for which it sought review.
On September 29, 2009, Dover-Chester's Lot 51 and Randolph's lots were offered at a tax sale for outstanding taxes. Randolph's Lots 1 and 83 were sold to a third-party lien holder for the amount of the unpaid 2008 taxes. Because no bids were received on the remaining lots, the Township acquired tax sale certificates for all of them.

III
On October 30, 2009, the Township moved to dismiss Dover-Chester's complaint as to Block 47, Lot 51, and Randolph's complaints as to the 2007 and 2008 assessments.[2] These motions were filed approximately fifteen months after Dover-Chester and Randolph had filed their complaints regarding the 2008 assessments and more than two years after Randolph filed its complaint regarding the 2007 assessment. Each of the motions sought dismissal based upon the failure of the taxpayer to comply with N.J.S.A. 54:3-27, claiming the statute required the taxpayer to pay "all taxes, including the first quarter taxes for the year[s] under appeal . . . at the time the Complaint is filed with the Tax Court." The Township submitted certifications from its tax collector and municipal tax assessor in support of its motions. According to these certifications, Dover-Chester's first quarter taxes for 2008 were not timely paid by April 1, 2008, and Randolph had not paid taxes on the lots in the first quarters of tax years 2007 and 2008 by the April 1 deadline in those years.
In opposing the motions, each taxpayer argued the Township's motion was unsupported by evidence that the taxpayer failed to pay all taxes up to and prior to the filing of its complaint, as would be required by N.J.S.A. 54:3-27. Neither taxpayer challenged the applicability of N.J.S.A. 54:3-27.
On November 13, 2009, the Township submitted a reply brief to the Tax Court, in which it interchangeably cited to N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1(b) as a basis for dismissal. The Township also submitted supplemental certifications from the tax collector that provided the following additional facts regarding tax payments by Dover-Chester and Randolph:
Dover-Chester paid its first quarter taxes for 2008 before it filed its complaint. The second quarter taxes due for Lot 51 on May 1, 2008, were not paid prior to the filing date for the complaint. Neither the second quarter taxes for 2008 nor any subsequent taxes were ever paid.
Randolph paid the first quarter taxes for 2007 before its complaint regarding the 2007 assessments was filed with the Tax Court on June 27, 2007. The second quarter taxes for 2007 were not paid until May 8, 2008, more than ten months after the complaint was filed. The first quarter taxes for 2008 were also paid on May 8, 2008, prior to the July 17, 2008, filing of the complaint regarding the 2008 assessments. However, the second quarter taxes for 2008 were never paid.
On November 20, 2009, the Tax Court judge granted the Township's motions. Citing their failures to comply with *472 N.J.S.A. 54:3-27, he dismissed Dover-Chester's complaint with respect to Lot 51 and Randolph's 2007 and 2008 complaints.
Both Dover-Chester and Randolph filed motions for reconsideration. Neither disputed that it had not paid all taxes due and payable for the years for which review was sought at the time its complaint was filed. Oral argument on both motions for reconsideration was heard on February 19, 2010.
Dover-Chester and Randolph argued that the orders should be vacated as a matter of law because relief was granted based upon the wrong statute, N.J.S.A. 54:3-27. Because these cases involved appeals from decisions of the Board to the Tax Court, counsel argued that the applicable statute was, in fact, N.J.S.A. 54:51A-1(b). The taxpayers also urged the Tax Court to relax the tax payment requirement in the "interests of justice" under N.J.S.A. 54:51A-1(b). Both taxpayers argued that the Township did not timely move to dismiss their complaints and that the delay in filing was unreasonable. In addition, it was argued that relaxation in the "interests of justice" had been permitted in cases in which the tax obligation was satisfied through the late payment of taxes or through a third party tax lien.
The Tax Court judge acknowledged the wrong statute had been relied upon by the Township and cited in the order of November 20, 2009. However, the judge found dismissal remained appropriate under N.J.S.A. 54:51A-1(b) because it was undisputed the taxpayers had not paid the taxes due and payable for the years for which review was sought at the time the complaints were filed. The judge noted the taxpayers had not sought relaxation of the requirement in the "interests of justice" at the time of the Township's motions even though such relief was available under either N.J.S.A. 54:51A-1(b) or the statute erroneously relied upon, N.J.S.A. 54:3-27. Nonetheless, the court considered whether their appeals should be heard in the "interests of justice".
The Tax Court judge noted a disparity in the applications of the "interests of justice" exception in the Tax Court. Compare Huwang v. Twp. of Hillside, 21 N.J.Tax 496 (Tax 2004), and Wellington Belleville, L.L.C. v. Twp. of Belleville, 20 N.J.Tax 331 (Tax 2002), with United States Land Res. v. Borough of Roseland, 24 N.J.Tax 484 (Tax 2009). The Tax Court in United States Land Resources found that the "interests of justice" exception warranted the relaxation of the tax payment requirement under N.J.S.A. 54:51A-1(b) when the taxpayer paid the taxes due by the return date of a motion to dismiss the complaint. Id. at 491-92. The judge here disagreed with that conclusion.
Employing the criteria for relaxing the tax payment requirement in the "interests of justice" set forth in Wellington Belleville, the Tax Court Judge stated the circumstances "must be (1) beyond the control of the property owner and not self-imposed, (2) unattributed to poor judgment, a bad investment or failed business venture, and (3) reasonably unforeseeable." 20 N.J.Tax at 336. The Tax Court further noted that consideration of a request for such relaxation required a fact-sensitive determination based upon the totality of the circumstances. Ibid.
The Tax Court judge observed that, under either N.J.S.A. 54:51A-1(b) or N.J.S.A. 54:3-27, each of the taxpayers had an obligation to pay taxes that was unfulfilled at the time each complaint was filed. He rejected the argument that, in light of the Township's delay in filing the motions, partial payment of the obligations after the complaints were filed warranted relaxation pursuant to N.J.S.A. 54:51A-1(b). The Tax Court judge held that any *473 prejudice to the taxpayer as a result of the Township's delay was outweighed by the prejudice to the Township in permitting the appeals of delinquent taxpayers to be heard. He reasoned that, even though taxes were paid thereafter, the failure to pay the tax required at the time of the complaint "still puts a drain . . . on the [Township's] reserve for uncollected taxes," which are "used in tax appeals that result in refunds to the taxpayer." The Tax Court judge expressed concern that allowing such late payments to trigger the relaxation provision "would open the flood gate . . . for taxpayers not to comply with the strict letter of the law[.]" Citing the legislative intent "that the relaxation of the [tax payment] requirement be granted sparingly and in limited circumstances," the Tax Court judge was unwilling to find that the tax payment requirement should be relaxed in the "interests of justice" here. He denied the motions for reconsideration, and affirmed his decision dismissing the complaints, this time relying on N.J.S.A. 54:51A-1(b).

IV
In this appeal, Dover-Chester and Randolph argue that the Tax Court erred in granting the motions because: the Township's motions to dismiss were untimely, relief was initially sought based upon the wrong statute, and it was error to correct the Township's pleading error to apply the correct statute. Randolph argues further that relaxation of the tax payment requirement was compelled where taxes were paid (based upon the issuance of the tax certificates following the tax sale) before the Township filed its motion to dismiss. Both taxpayers also argue, for the first time in this appeal, that, because N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1(b) require payment of different tax obligations before a case can be heard, the distinction deprives taxpayers of equal protection under the law. After carefully considering the record, briefs and arguments of counsel, we are satisfied that none of these arguments have merit.
In reviewing a Tax Court decision, we take into account the special expertise of Tax Court judges in matters of taxation. Presbyterian Home at Pennington, Inc. v. Borough of Pennington, 409 N.J.Super. 166, 180, 976 A.2d 413 (App. Div.2009), certif. denied, 201 N.J. 143, 988 A.2d 563 (2010); G & S Co. v. Borough of Eatontown, 6 N.J.Tax 218, 220 (App.Div. 1982). The findings of the Tax Court will not be disturbed if supported by "adequate, substantial and credible evidence" in the record. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974); see also G & S, supra, 6 N.J.Tax at 220. Nevertheless, a Tax Court's interpretation of a tax statute is not entitled to special deference and is reviewed de novo by an appellate court. Twp. of Holmdel v. N.J. Highway Auth., 190 N.J. 74, 86, 918 A.2d 603 (2007). We are satisfied the Tax Court judge properly interpreted the "interests of justice" provision of N.J.S.A. 54:51A-1(b) and denied its application in these cases.

A
First, we note this appeal is from the denial of a motion for reconsideration, which is a matter within the sound discretion of the court. Hinton v. Meyers, 416 N.J.Super. 141, 148 (App.Div.2010); Fusco v. Bd. of Educ. of Newark, 349 N.J.Super. 455, 462, 793 A.2d 856 (App. Div.), certif. denied, 174 N.J. 544, 810 A.2d 64 (2002). Reconsideration is to be exercised in the interest of justice, and is appropriate
only for those cases which fall into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational *474 basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
[Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) (quoting D'Atria v. D'Atria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990)).]
Although the Tax Court's initial reliance upon N.J.S.A. 54:3-27 was erroneous, that error did not require reconsideration. As the Tax Court judge observed, both N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1 impose a tax payment obligation upon the taxpayer who seeks to appeal. Yet, the taxpayers here did not comply with the tax payment obligation of either statute. See also Bllum Ltd. P'ship. v. Bloomfield Twp., 294 N.J.Super. 201, 205-06, 682 A.2d 1229 (App.Div.1996).
In County of Essex v. City of East Orange, 214 N.J.Super. 568, 520 A.2d 788 (App.Div.), certif. denied, 107 N.J. 120, 526 A.2d 189 (1987), the County sought an exemption from the payment of real estate taxes. Like this case, the City cited the wrong statute in support of its motion to dismiss the County's complaint based upon its failure to pay taxes. Despite this error, "the basis of the City's objection was clear: the County should not be permitted as a delinquent taxpayer to prosecute its appeal." Id. at 574, 520 A.2d 788. Because the County did not pay the taxes, we stated, "there is no doubt" the judge correctly dismissed the complaint, even though the judge relied on what was later determined to be the wrong section. Ibid. So too, here, the basis of the motion for dismissal of the taxpayers' complaints was clear: the taxpayers' failure to satisfy the tax payment requirement precluded their appeals.
Moreover, like N.J.S.A. 54:51A-1(b), N.J.S.A. 54:3-27 includes a relaxation of the tax payment requirement in the "interests of justice." There is no evidence here that either taxpayer sought a relaxation of the tax payment requirement from the Board or from the Tax Court prior to the motion for reconsideration. Since neither Dover-Chester nor Randolph availed itself of the opportunity to seek such relief in either venue, neither can argue that the failure to seek relaxation when it opposed the motion to dismiss was induced by reference to the wrong statute. Finally, the Tax Court judge allowed the taxpayers to argue for the relaxation of the payment requirement on reconsideration and decided that issue on the merits. As a result, the taxpayers were not prejudiced by citation to the wrong statute. See Cnty. of Essex, supra, 214 N.J.Super. at 574, 520 A.2d 788. Because there is no reason to believe the result here would have been any different if the correct statute had been cited by the court in its initial ruling, the citation of the wrong statute did not require reconsideration of the motion to dismiss the complaints.

B
Both taxpayers argue that the motions to dismiss should have been denied as untimely because the motions were filed more than two years after Randolph's complaint regarding the 2007 assessment and approximately fifteen months after the taxpayers' complaints regarding their 2008 assessments. However, neither N.J.S.A. 54:3-27 nor N.J.S.A. 54:51A-1 establishes time restrictions for such a motion.
The taxpayers rely upon Farrell v. City of Atlantic City, 10 N.J.Tax 336 (Tax 1989), a case in which the municipality moved to vacate a judgment and dismiss a complaint based upon the taxpayer's failure to pay taxes that were due. The Tax Court denied the municipality's motion, in part, due to its delay in filing the motion. Although the time delays in filing the motions to dismiss here and in Farrell are *475 comparable, that case is plainly distinguishable.
In Farrell, the taxpayer petitioned the Tax Court to review an assessment confirmed by the Atlantic County Board of Taxation. 10 N.J.Tax at 338. After various postponements of the trial date, the parties settled the matter nineteen days before trial and put the settlement on the record. Id. at 338-39. Atlantic City later moved to vacate the judgment and dismiss the taxpayer's complaint, arguing that taxes on the property at issue for the year in question were not paid by the date the complaint was filed or by the date the judgment was entered. Ibid.
Based upon the language of the applicable statutes at that time, before the 1999 amendments added the "interests of justice" exception, the Tax Court stated that a taxpayer's failure to pay taxes in a timely manner results in "a jurisdictional deficiency of a procedural nature" which must be presented to the court within "a reasonable time." Id. at 344 (emphasis added). However, because the 1999 amendments to N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1 granted the Tax Court limited discretion to relax the tax payment requirement in the "interests of justice," L. 1999, c. 208, §§ 5 and 13, the tax payment requirement no longer strips the Tax Court of the authority to exercise jurisdiction in cases in which taxes have not been paid. Christian Asset Mgmt. Corp. v. City of E. Orange, 19 N.J.Tax 469, 475 (Tax 2001). The initial premise in Farrell is therefore inapplicable to our analysis.
In addition, the facts relating to the litigation of these cases and Farrell contrast sharply. Most significant, the municipality in Farrell did not merely seek to dismiss a complaint, it sought to vacate a judgment. By comparison, the activity in these cases was minimal. Therefore, Farrell offers no support for the argument that the timing of the Township's motions to dismiss here was a sufficient basis for dismissal of those motions or for granting the motions for reconsideration.

C
We next turn to the taxpayers' argument that the Tax Court should have relaxed the tax payment requirement in the "interests of justice" as permitted by N.J.S.A. 54:51A-1(b). In addition to their timeliness argument, the taxpayers argue they should be permitted the same latitude to cure their delinquency afforded those taxpayers whose appeals are governed by N.J.S.A. 54:3-27. Because no deadline for payment is specified in N.J.S.A. 54:3-27, the tax payment requirement has been interpreted to permit the delinquent taxpayer to survive a motion to dismiss by paying the taxes due by the return date of the motion. Lecross Assoc. v. City Partners, 168 N.J.Super. 96, 99-100, 401 A.2d 1099 (App.Div.), certif. denied, 81 N.J. 294, 405 A.2d 837 (1979); Stewart v. Twp. of Hamilton, 7 N.J.Tax 368, 378 (Tax 1984). Neither Dover-Chester nor Randolph satisfied all the tax deficiencies by the return date of the motion to dismiss or even the return date of their motions for reconsideration. However, they argue that because tax certificates were issued following the tax sale, their delinquencies were cured prior to the motion to dismiss.
"The principle that taxes must be paid when due as a condition to litigating liability for the amount alleged due is firmly embedded in our law." Woodlake Heights Homeowners Ass'n, Inc. v. Middletown Twp., 7 N.J.Tax 364, 366 (App. Div.1984); see also Sun Pipe Line Co. v. Twp. of W. Deptford, 25 N.J.Tax 466, 474-75 (Tax 2010). Prior to the 1977 amendment to N.J.S.A. 54:2-39 (now embodied in N.J.S.A. 54:51A-1), there was "no direction. . . regarding tax payments" *476 pending appeal from the judgment of the county board of taxation. The Senate Committee report made clear the Legislature's intent to remedy that omission:
This bill would require that at the time a petition of appeal has been filed with the Division of Tax Appeals all taxes for the current year must have been paid. Appeals filed with the Division of Tax Appeals are generally after the November 1 quarterly tax installment is due and payable. Thus, this provision requires an appellant to be current in his tax payments notwithstanding the pending appeal. This imposes no burden of prepayment of taxes on the appellant, and does not put the burden of an appellant's unpaid property taxes on the other taxpayers in a taxing district a burden reflected in the reserve for uncollected taxes, and thus in the tax rate.
[Senate Revenue, Finance and Appropriations Committee, Statement to A. 2147 (July 11, 1977) (emphasis added).]
See also Huwang, supra, 21 N.J.Tax at 502, n. 4.
There is no indication in the legislative history for the 1999 amendments to N.J.S.A. 54:3-27 and N.J.S.A. 54:51A-1(b) that the Legislature intended to abandon the tax payment requirement established by the 1977 amendment. The explanation of the 1999 amendments to N.J.S.A. 54:51A-1(b) include the following:
The bill would amend . . . N.J.S.A. 54:51A-1 to provide . . . that the county board of taxation and the Tax Court may relax the tax payment requirement and fix such terms of payment as the interests of justice may require, and to eliminate the provision in R.S.54:51A-1(b) which excuses the taxpayer from paying interest on unpaid taxes from November 1 to the date of the filing of the complaint.
[Judiciary Committee, Statement to S. 673-208 (Feb. 23, 1998) (emphasis added).]
Significantly, the amendments did not alter the tax payment requirement or the requirement that it be satisfied at the time the complaint is filed. Both Lecross and Stewart, which allow delinquent taxpayers to cure the deficiency by the return date of a motion to dismiss appeals under N.J.S.A. 54:3-27, were decided well before these amendments. The fact that the Legislature did not amend the time requirement in N.J.S.A. 54:51A-1(b) to adopt the more liberal requirement applied to N.J.S.A. 54:3-27 by the courts, "while not dispositive," reflects an acceptance of that distinction as consistent with its intent. See Cruz-Mendez v. ISU/Ins. Servs., 156 N.J. 556, 567, 722 A.2d 515 (1999); Massachusetts Mut. Life Ins. Co. v. Manzo, 122 N.J. 104, 116, 584 A.2d 190 (1991); see also Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l. High School Dist., Monmouth County, 199 N.J. 14, 24-25, 970 A.2d 354 (2009).
That conclusion becomes more persuasive upon considering the nature of the amendments to N.J.S.A. 54:51A-1. Cf. Cruz-Mendez, supra, 156 N.J. at 567-68, 722 A.2d 515. The Legislature's intent to protect the flow of tax revenues to the municipality, see Lecross, supra, 168 N.J.Super. at 99, 401 A.2d 1099, is plainly manifested in the elimination of the provision excusing the taxpayer from paying interest on unpaid taxes. Because the amendments are directly related to the tax payment requirement and the Tax Court's authority to relax that requirement, it is evident that the absence of any modification of the requirement that taxes be paid at the time the complaint is filed is not an oversight but, rather, is consistent with legislative goals.
*477 Despite this evidence that the Legislature intended to preserve the distinction in the tax payment requirements, the Tax Court held otherwise in U.S. Land Resources. The taxpayer had not paid all taxes for 2007 when it filed its complaint with the Tax Court on June 18, 2007. Approximately eighteen months later, on December 11, 2008, the taxes were paid by the sale of a tax certificate to a third party. Noting that the failure to pay all taxes at the time of the complaint was no longer a "jurisdictional prerequisite" following the 1999 amendments, the court concluded that the purpose of the tax payment requirement of N.J.S.A. 54:51A-1(b), "to assure the uninterrupted flow of revenue to the municipality during a tax appeal[,]" was satisfied when the outstanding taxes for the year under review were paid through the sale of a tax certificate to a third party. 24 N.J.Tax at 490-91. The court also opined,
It would be a strange view of "interests of justice" when a court could exercise discretion to delay full payment of the taxes owed, or accept that late payment of the taxes has been made by the taxpayer itself, to allow an appeal to continue, while holding that the "interests of justice" do not permit the acknowledgment of the undisputed fact that no 2007 taxes are owed at this time, requiring the appeal to be dismissed.
[Id. at 492.]
We disagree with this analysis. The purpose of the tax payment requirement is to protect the municipality's interest in receiving timely payment of taxes to provide the revenue necessary for governmental operations. J.L. Muscarelle, Inc. v. Saddle Brook Twp., 14 N.J.Tax 453, 457 (Tax 1995). When the flow of revenue is interrupted, the burden of an appealing taxpayer's unpaid taxes is shifted to the other taxpayers in the district and reflected in the reserve for uncollected taxes. Ibid. Notwithstanding the eventual payment of taxes, there was an eighteen month interruption of the flow of revenue to the municipality in U.S. Land Resources while the appeal was pending. The construction adopted in U.S. Land Resources gives license to a taxpayer to withhold tax payments, in that case for eighteen months, while an appeal is pending from an assessment that has been affirmed following a quasi-judicial hearing. We agree with the Tax Court judge that this construction subverts the legislative goal of maintaining an uninterrupted flow of revenue to the municipality and would "open the flood gate . . . for taxpayers not to comply with the strict letter of the law[.]" More to the point, we hold that the requirement under N.J.S.A. 54:51A-1(b) that taxes be paid "[a]t the time that a complaint has been filed with the Tax Court" may not be satisfied by the subsequent issuance of a tax certificate.

D
We next consider whether, notwithstanding this holding, the Tax Court abused its discretion in declining to relax the tax payment requirement here. Although the Legislature has not provided explicit guidance on the application of this exception, the Tax Court has observed that the preservation of the tax payment requirement reflects an intent that "the relaxation of the requirement be granted sparingly, and in limited circumstances." Wellington Belleville, supra, 20 N.J. Tax at 336 and n. 7; see also Christian Asset Mgmt., supra, 19 N.J.Tax at 475-76. We agree that "[t]he court must weigh all evidence relating to the totality of the circumstances resulting in non-payment of taxes, and make a fact sensitive determination on a case-by-case basis, as to whether the statutory tax payment should be relieved in the interests of justice." Huwang, supra, *478 21 N.J.Tax at 505. Accordingly, requests for relaxation in the "interests of justice" under N.J.S.A. 54:51A-1(b) have been rejected when based on claims that the taxpayer's property was grossly overassessed, Christian Asset Mgmt., supra, 19 N.J.Tax at 475-76 and when the taxpayer's claimed extreme financial difficulty was due to zoning laws and other conditions known to the taxpayer at the time of purchase. Wellington Belleville, supra, 20 N.J.Tax at 333. In contrast, grounds for relaxation were found in Huwang, where the municipality did not object to the taxpayers' bankruptcy restructuring plan in which the full amount of back property taxes would be paid and the taxpayers consistently made the monthly payments required by the plan. Huwang, supra, 21 N.J.Tax at 506-10.
A review of the record here reveals no circumstances that contributed to the non-payment of taxes. The taxpayers' arguments for relaxation depend upon events that occurred after their complaints were filed, i.e., the timeliness of the Township's motions and the issuance of tax certificates. Any detriment to the taxpayers caused by the Township's delay in filing motions to dismiss the complaints is outweighed by the prejudice suffered by the Township in the interruption of its flow of revenue. Moreover, this prejudice was not abated by the issuance of the tax certificates. There was an interruption of revenue for well over one year as to the certificate sold to a third party. Those tax certificates acquired by the Township generated no revenue to replace the unpaid taxes. These circumstances failed to provide grounds for the relaxation of the tax payment requirement of N.J.S.A. 54:51A-1(b).

E
Finally, we turn to the taxpayers' equal protection argument. Prior to the 1999 amendments to N.J.S.A. 54:51A-1(b), we considered an equal protection challenge to the distinction between the requirement that the taxes due be paid at the time the complaint is filed under N.J.S.A. 54:51A-1(b) and the absence of such a deadline for the tax payment requirement under N.J.S.A. 54:3-27. Schneider v. City of E. Orange, 196 N.J.Super. 587, 483 A.2d 839 (App.Div. 1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118 (1986), cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986). For the first time on appeal, the taxpayers argue this issue should be revisited now that the failure to pay the taxes due is no longer a bar to the Tax Court's exercise of its jurisdiction.
In Schneider, we observed that the taxpayer who appeals from a county board decision pursuant to N.J.S.A. 54:51A-1(b) "has had the benefit of a hearing as to the correctness of the subject assessments and a determination has been made by a quasi-judicial body establishing the amount of taxes due and payable." Id. at 595, 483 A.2d 839; see also Echelon Glen Co-op., Inc. v. Voorhees Twp., 275 N.J.Super. 441, 449, 646 A.2d 498 (App.Div.), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994). We stated further:
As indicated in the legislative history, appeals from the county board generally are filed after the November 1 quarterly tax installment is due and the deferment of this payment during any portion of the appeal period would impose a burden upon the municipality and its taxpayers. This situation does not arise with initial appeals to the Tax Court or the county board as they must be filed by August 15, N.J.S.A. 54:3-21, with judgments of the county board rendered no later than November 15. N.J.S.A. 54:3-26. These different time sequences, *479 and the relationship of each of the procedures to the time when tax payments are due, afford reasonable support for the difference in the payment requirements applicable to an initial complaint to the Tax Court or a county board and an appeal from a county board to the Tax Court.
[Schneider, supra, 196 N.J.Super. at 595, 483 A.2d 839.]
Based upon our finding a rational basis for the distinction, we rejected the argument that the difference in the tax payment requirements resulted in a denial of equal protection under the laws. Ibid.; see also Echelon Glen, supra, 275 N.J.Super. at 449, 646 A.2d 498. We remain satisfied that, even after the 1999 amendments, the Legislature acted within the broad range of its discretion in the field of taxation to prescribe different taxpayer requirements; that the legislation did not create an inherently suspect classification; and that there is a rational basis for the distinction. See Schneider, supra, 196 N.J.Super. at 595, 483 A.2d 839. Accordingly, the fact that there are different tax payment requirements for appeals under N.J.S.A. 54:51A-1(b) and N.J.S.A. 54:3-27 does not result in a denial of equal protection. See ibid.
Affirmed.
NOTES
[1] Judge Yannotti did not participate in the oral argument in A-3445-09 but joins in this decision with the consent of the parties. Because these appeals involve common issues and similar facts, we have consolidated them for decision in this opinion.
[2] Both taxpayers filed appeals of assessments for 2009 and, when the assessments were affirmed by the Board, filed complaints with the Tax Court. These complaints were later withdrawn.