**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0073-17T3

9 PLAZA COURT, LLC,
c/o MADISON REALTY,

     Plaintiff-Appellant,

v.

LONG BRANCH CITY,

     Defendant-Respondent.

_____

          Argued December 5, 2018 – Decided December 20, 2018

          Before Judges Reisner and Mawla.

          On appeal from the Tax Court of New Jersey, Docket No. 2745-2011.

          Pablo M. Kim argued the cause for appellant (The Irwin Law Firm, PA, attorneys; Pablo M. Kim, of counsel and on the briefs).

          Frederick C. Raffetto argued the cause for respondent (Ansell Grimm & Aaron, PC, attorneys; Frederick C. Raffetto, of counsel and on the brief).

PER CURIAM

Plaintiff, 9 Plaza Court, LLC, appeals from an August 8, 2017 judgment of the Tax Court affirming the local property tax assessments on its property for the tax years 2011 through 2014. We affirm for the reasons stated by Tax Court Judge Mala Sundar in her comprehensive written opinion dated July 26, 2017. We add only the following comments.

Plaintiff owns residential, oceanfront land in the Elberon section of Long Branch. On this appeal, plaintiff argues that its small neighborhood constituted a "microcosm" that suffered greater storm damage than the surrounding area, and its property was diminished in value due to its location in the alleged "microcosm." However, that argument is not supported by any legally competent expert testimony in the record.

Plaintiff also contends that the judge erred in choosing a valuation method. We cannot agree. The judge thoroughly explained why she found the testimony of defendant's valuation expert more credible than plaintiff's expert. We owe considerable deference to the expertise of the Tax Court, and we will not disturb the judge's decision as long as it is supported by substantial credible evidence. See Dover-Chester Assocs. v. Randolph Twp., 419 N.J. Super. 184, 195 (App. Div. 2011). In our review, we also owe deference to the judge's evaluation of witness credibility. See Rova Farms Resort, Inc. v. Inv'rs. Ins. Co.

A-0073-17T3

of America, 65 N.J. 474, 483-84 (1974).  After considering the record in light of those standards, we find no basis to second-guess Judge Sundar's decision.  Plaintiff's argument is without sufficient merit to warrant further discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0073-17T3