**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3389-18T3

WARREN LUMBER, INC. c/o
WARREN MILLWORK &
EMPIRE TFI JERSEY
HOLDING, LLC,

     Plaintiffs-Respondents,

v.

WASHINGTON BOROUGH,

     Defendant-Appellant.

_____

Submitted March 2, 2020 – Decided June 4, 2020

Before Judges Sumners and Geiger.

On appeal from the Tax Court of New Jersey, Docket Nos. 004276-2013 and 002647-2014.

Richard M. Conley, LLC, attorneys for appellant (Richard M. Conley, of counsel and on the briefs).

Schneck Law Group, LLC, attorneys for respondents (Michael I. Schneck, of counsel and on the brief).

PER CURIAM

Following a trial before the Tax Court, Washington Borough (the Borough) appeals two orders reducing its tax assessments for the years 2013 and 2014 on property previously owned by plaintiff Warren Lumber, Inc. and thereafter owned by plaintiff Empire TFI Jersey Holding LLC (Empire). We affirm for the reasons expressed by Tax Court Judge Joshua D. Novin in his comprehensive written opinion that properly applied the law and the credible facts in the record.

The property in question is a 6.53-acre lot, upon which five buildings – a multi-family residence with an attached garage, three warehouses, and a two-story office building – are situated. In accordance with N.J.S.A. 54:4-23, the Borough's tax assessor made valuations of the property determining the property's value as $1,658,000 (land - $296,200 and improvements - $1,361,800) for the tax years 2013 and 2014. Warren Lumber owned the property until December 18, 2013, when its right of redemption was foreclosed on by Empire, which three years prior had purchased a Borough tax lien on the property. In 2015, the property was sold for $800,000 in an arms-length transaction. Warren Lumber and Empire challenged the Borough's 2013 and 2014 tax assessments prior to Empire's sale of the property. A Tax Court trial ensued.

A-3389-18T3

Following trial, Judge Novin determined the Borough's assessments were excessive and reduced them in 2013 to $837,100 (land - $296,200 and improvements - $540,900) and in 2014 to $862,800 (land - $296,200 and improvements - $566,600).

Before us, the Borough contends the presumption that its tax assessments are correct, Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985), was not overcome by Empire as required by Ford Motor Co. v. Twp. of Edison, 127 N.J. 290, 312 (1992). Specifically, the Borough asserts the judge's reliance on Empire's expert's property valuation was misplaced because: (1) property photos relied upon by expert were taken in 2017, not 2013 and 2014, the tax years in question; (2) the expert never contacted the Borough's officials to inquire about the residential building and did not determine any value for the building; (3) the judge rejected the expert's contention the highest and best use for the residential building was that it be demolished and Empire offered no evidence regarding the costs to modify, renovate, convert or demolish the building; (4) the judge rejected the expert's downward adjustment for the property's environmental concerns; (5) the expert only reviewed one lease for comparable properties; and (6) the expert did not inspect the buildings' interiors. We disagree.

A-3389-18T3

Our review of the record leads us to conclude the judge thoroughly explained why he found telling aspects of Empire's expert's valuation credible to refute the Borough's assessments. Noting Empire had overcome the presumption of validity of the Borough's valuation, which did not mean the property tax assessment was erroneous, the judge, relying on Ford, used evidence adduced at trial to determine valuation of the property based upon the "highest and best use analysis," as Empire's expert opined.

The analysis is a market-driven concept which considers a property's "most profitable, competitive use to which [it] can be put." Id. at 302 (citations omitted). Thus, "all the capabilities of the property and all the uses to which it may be applied, or for which it is adapted, are to be considered and examined and that use which yields the highest value should be selected." Ford Motor Co. v. Edison Twp., 10 N.J. Tax 153, 165 (Tax 1988) (citation omitted).

The judge rejected Empire's expert's analysis of the residential building's value as "imperfect" because he failed to consider the financial feasibility of renovating the building into office space to maximize its productivity. The judge found no merit to the expert's opinion that there was no legally conforming use for the building or that it did not contribute to the value of the property, and instead found it would be reasonable for a hypothetical buyer to purchase the

property and use the building as a supportive office to one of the warehouses. However, the judge credited the expert's methodology for determining rental rates of all the buildings on the property, finding his proposed rate of $2.50 per square foot in "fair" condition and $1.50 per square foot in "poor" condition to be reasonable. According to the judge, the residential building was in "poor" condition because it was not being used as supportive office space.

Regarding the expert's adjustments, the judge reduced his vacancy and collection loss factor from twenty percent to fifteen percent because his analysis on the presumption that the "property was completely vacant for number of years prior to the effective valuation dates," was not as credible as relying on statistical data from investor surveys. The judge found the expert's stabilizing expenses for management fees, leasing commissions, and reserves to be reasonable as well as his proffered loan-to-value ratio. Last, the judge rejected the expert's $88,800 downward adjustment for purported environmental concerns, noting no credible evidence was offered to show any concerns impacted the value of the land in accordance with Inmar Assocs., Inc. v. Borough of Carlstadt, 112 N.J. 593, 605-08 (1988).

Considering his findings and adjustments, the judge computed the "true market value" of the property for the tax years of 2013 and 2014 and concluded

it was $1,067,150 for each year.  Next, applying N.J.S.A. 54:51A-6(a) (Chapter

123), the judge reasoned

> when the court is satisfied in a non-revaluation year by the evidence presented "that the ratio of the assessed valuation of the subject property to its true value exceeds the upper limit or falls below the lower limit of the common level range, it shall enter judgment revising the taxable value of the property by applying the average ratio to the true value of the property . . . ." [Ibid.]  This process involves application of the Chapter 123 common level range.  N.J.S.A. 54:1-35(a)-(b).  When the ratio of assessed value exceeds the upper limit or falls below the lower limit, the formula for determining the revised taxable value of property, under N.J.S.A. 54:51A-6(a), is as follows:
>
> True market value x Average ratio = Revised taxable value
>
> For the 2013 tax year, application of the Chapter 123 ratio results in an applied upper limit of 0.9021 and lower limit of 0.6667.  The ratio of total assessed value, $1,658,000, to true market value, $1,067,150, yields a ratio of 1.5537%, which exceeds the applied upper limit.  Consequently, the calculation for the 2013 tax year is:
>
> $1,067,150 x 0.7844 = $837,100 [ROUNDED]
>
> Accordingly, a judgment establishing the subject property's tax assessment for the 2013 tax year will entered as follows:
>
> Land:            $296,200
> Improvement:     $540,900
> Total:           $837,100

For the 2014 tax year, application of the Chapter 123 ratio results in the applied upper limit of 0.9298 and lower limit of 0.6872. The ratio of total assessed value, $1,658,000, to true market value, $1,067,150, yields a ratio of 1.5537%, which exceeds the applied upper limit. Consequently, the calculation for the 2014 tax year is:

$1,067,150 x 0.8085 = $862,800 [ROUNDED]

Accordingly, a judgment establishing the subject property's tax assessment for the 2014 tax year will be entered as follows:

Land:            $296,200
Improvement:     $566,600
Total:           $862,800
(Da93-Da94).

Judgments reflecting these totals were entered.

Considering Judge Novin's decision was based upon his expertise as a Tax Court judge, his evaluation of witness credibility, and is supported by substantial credible evidence, we find no reason to second-guess his decision. See Dover-Chester Assocs. v. Randolph Twp., 419 N.J. Super. 184, 195 (App. Div. 2011) (recognizing appellate review "take[s] into account the special expertise of Tax Court judges in matters of taxation"); Rova Farms Resort, Inc. v. Inv'rs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974) (holding appellate courts owe deference to the judge's evaluation of witness credibility and fact findings supported by

"adequate, substantial and credible evidence" in the record).  The Borough's arguments are without sufficient merit to warrant further discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3389-18T3