**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2256-22

RAFAEL A. FERNANDEZ and
ADALGISA FERNANDEZ,

     Plaintiffs-Appellants,

v.

VINCENT J. LAPAGLIA, ESQ.,
ALEXANDER L. LOCATELLI,
ESQ., and JAMES R. LISA, ESQ.,

     Defendants-Respondents.

_____

Submitted December 11, 2024 – Decided March 24, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3324-19.

Rafael A. Fernandez and Adalgisa Fernandez, appellants pro se (Tomas Espinosa, on the brief).[1]

---

[1] Tomas Espinosa advised that he was suspended from the practice of law effective August 21, 2024.

Lewis Brisbois Bisgaard & Smith, LLP, attorneys for respondent Vincent J. LaPaglia (Jeffrey S. Leonard, on the brief).

McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for respondent Alexander L. Locatelli (Adam J. Adrignolo, of counsel and on the brief; Nicholas C. Malet, on the brief).

PER CURIAM

Plaintiffs, Rafael Fernandez and Adalgisa Fernandez, appeal from trial court orders of: (1) September 26, 2022, denying defendants', Vincent J. LaPaglia's, Esq. (LaPaglia) and Alexander L. Locatelli's, Esq. (Locatelli), motions for summary judgment but granting defendants' motions to strike and bar certain parts of plaintiffs' liability and damages experts' opinions; (2) January 6, 2023, granting defendants' motions: (a) to strike the remainder of plaintiffs' damages expert opinion, and (b) for summary judgment and dismissing plaintiffs' complaint with prejudice; and (3) February 17, 2023, denying plaintiffs' motion for reconsideration of the January 6, 2023 order.

At the outset, we note we are only considering the February order that denied plaintiffs' motion for reconsideration. Notwithstanding plaintiffs' appeal of the five orders, defendants successfully moved to dismiss plaintiffs' appeal of the September and January orders as untimely. Nonetheless, our review of the February order must include discussion of the dismissed orders, because it was

from those orders that plaintiffs sought reconsideration. Because we conclude the trial court did not abuse its discretion and correctly applied the law, we affirm the February order denying reconsideration.

Plaintiffs filed a legal malpractice complaint against defendants and James R. Lisa, Esq.[2] stemming from defendants' legal representation of plaintiffs regarding real property owned by plaintiffs. Plaintiffs alleged that LaPaglia "fail[ed] to observe the standards of" the profession; "allowed the violation of TILA,[3] HOEPA,[4] and . . . falsified documents to be used against" them; and "allowed a foreclosure action based on the[] misdeeds . . . to proceed culminat[ing]" in their loss of properties. Further, as a result of LaPaglia's failures, plaintiffs alleged they suffered "emotional distress." As to Locatelli, plaintiffs alleged he "fail[ed] to observe the standards of [the] profession . . . [and] caused plaintiffs irreparable damages." Plaintiffs complaint alleged: (1) professional negligence/legal malpractice; (2) fraud; (3) breach of contract; and (4) violation of fiduciary duties.

---

[2] James R. Lisa, Esq. is not participating in the appeal as he failed to file a brief.

[3] TILA is the Truth In Lending Act, 15 U.S.C. §§ 1601 to 1667f.

[4] HOEPA is the Home Ownership Equity and Protection Act, 15 U.S.C. §§ 1601 to 1651. The HOEPA amended TILA.

3

In September 2022, defendants moved to bar plaintiffs' experts' testimony and for summary judgment. In its September orders, the trial court denied defendants summary judgment. However, the court barred plaintiffs' liability expert's opinion as to Locatelli because the opinion was "contrary to the facts." Further, the trial court barred plaintiffs' liability expert's opinion as to LaPaglia because the opinion: (1) "regarding . . . [p]laintiffs' emotional distress" was "beyond [the expert]'s area of expertise"; (2) that "LaPaglia violated TILA, HO[E]PA, and falsified documents" was a net opinion; (3) that "LaPaglia allowed for a foreclosure in 2019, because of his misdeeds" was a net opinion because "LaPaglia stopped his representation of the [p]laintiffs in 2013"; and (4) that "LaPaglia failed to prove and ascertain that the [p]laintiffs were current on their mortgage payments" as the "opinion [wa]s contrary to the facts" because "[p]laintiff[s] admitted to falling behind on payments."

Further, the trial court barred certain aspects of plaintiffs' damages expert opinion because: (1) "[p]laintiffs failed to produce the relevant financial documents" from the "bar and banquet hall business" and the expert "failed to indicate what particular documents he reviewed"; (2) the expert's opinion valued liquor licenses from other municipalities, not the municipality at issue, and

liquor licenses were not transferable between municipalities; and (3) the expert failed to "provide support for his calculation" as to "the value of the rental loss."

In January 2023, defendants filed motions to bar the remainder of plaintiffs' damages expert's testimony and for summary judgment. In an oral opinion, the trial court struck the damages expert's opinion regarding: (1) "lost projected earnings"; (2) "damages made to the property values and the future projected loss of property values"; and (3) "future projected development project lost profits" because the opinions were "net opinions."

The trial court considered plaintiffs' assertion that they could offer their opinions as "business and restaurant owners." However, the court noted that since plaintiffs' expert's opinions were barred because they were net opinions and not supported by any documentation, plaintiffs' own opinions would similarly be barred for lack of support.

The trial court granted defendants' motions to completely bar any testimony as to plaintiffs' damages and for summary judgment. The trial court dismissed plaintiffs' complaint with prejudice.

Plaintiffs filed a motion for reconsideration of the January 2023 orders. Plaintiffs argued: (1) the damages expert's opinions were not net opinions and (2) they "could prove [their] damages without the need for the expert."

A-2256-22

In a four-page written opinion accompanying the February order, the trial court applied Rule 4:49-2 and the correct case law. The trial court found that "[p]laintiff[s] d[id] not argue that the [c]ourt's decision [wa]s based on plainly incorrect reasoning, the [c]ourt failed to consider evidence, or there [wa]s good reason for it to reconsider new information." Instead, plaintiffs "recit[ed] the rule for reconsideration" and "merely argue[d] the same points from [their] prior opposition." The court concluded that plaintiffs' "motion [wa]s an attempt at a second bite of the apple, which is not permitted under the reconsideration standard."

On appeal, plaintiffs argue the trial court erred because: (1) their experts' opinions were not net opinions; (2) it should not have found the damages expert's opinion lacked foundation or limited the opinion to a geographical area; (3) it substituted its opinion for the expert's and plaintiffs' opinions regarding losses; and (4) it should have allowed plaintiffs to give testimony on their losses.

We review questions of law de novo. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). However, factual "[f]indings by the trial judge are considered binding on appeal when supported by adequate, substantial

and credible evidence." <u>Rova Farms Resort, Inc. v. Invs. Ins. Co.</u>, 65 N.J. 474, 484 (1974).

"Our review of the trial court's evidential rulings is limited to examining the decision for abuse of discretion." <u>Primmer v. Harrison</u>, 472 N.J. Super. 173, 187 (App. Div. 2022) (quoting <u>Ehrlich v. Sorokin</u>, 451 N.J. Super. 119, 128 (App. Div. 2017)) (internal quotation marks omitted). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>Flagg v. Essex Cnty. Prosecutor</u>, 171 N.J. 561, 571 (2002) (quoting <u>Achacoso-Sanchez v. Immigr. & Naturalization Serv.</u>, 779 F.2d 1260, 1265 (7th Cir. 1985)).

Under <u>Rule</u> 4:46-2(c) summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

Damages are an essential element of each cause of action pled in plaintiffs' complaint. <u>See</u> <u>Gilbert v. Stewart</u>, 247 N.J. 421, 442-43 (2021) (as to legal

malpractice); Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016) (as to breach of contract); Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015) (as to fraud); and Aden v. Fortsh, 169 N.J. 64, 75 (2001) (as to the breach of a fiduciary duty).

We review a trial court's order denying reconsideration under an abuse of discretion standard. See Marinelli v. Mitts & Merrill, 303 N.J. Super. 61, 77 (App. Div. 1997); see also Flagg, 171 N.J. at 571. Motions for reconsideration are governed by Rule 4:49-2. The Rule provides:

> a motion for rehearing or reconsideration seeking to alter or amend a judgment or final order . . . shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred.
>
> [Ibid.]

Reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either: 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Dover-Chester Assocs. v. Randolph Twp., 419 N.J. Super. 184, 196 (App. Div. 2011) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)) (internal quotation marks omitted).]

"A litigant should not seek reconsideration merely because of dissatisfaction with a decision of the [c]ourt." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (alteration in original) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Applying these well-established principles, we are satisfied that the trial court did not abuse its discretion in denying plaintiffs' motion for reconsideration. The trial court applied the correct Rule and case law in reaching its reconsideration decision. Plaintiffs' re-argument of the same arguments it made in September and January was an improper use of the reconsideration rule.

Further, we conclude there was no abuse of discretion in the trial court's evidentiary rulings. As to plaintiffs' damages expert, the trial court found the expert's report was a "net opinion" because the expert failed to provide his calculations and failed to indicate the documents he reviewed to reach his opinions. These issues were compounded by plaintiffs' failure to provide the requested discovery. Given our deferential standard, we conclude these were sufficient grounds to bar the experts' unsupported reports on "net opinion" grounds. "An expert's conclusion is considered to be a 'net opinion,' and thereby

inadmissible, when it is a bare conclusion unsupported by factual evidence." Creanga v. Jardal, 185 N.J. 345, 360 (2005).

In addition, we conclude there was no error in barring plaintiffs' testimony as to damages. Initially, plaintiffs never offered themselves as experts. Moreover, while plaintiffs' lay testimony may have been permissible under N.J.R.E. 701, it suffered from the same lack of support and failure to provide discovery as their expert's opinion. Therefore, plaintiffs' testimony, at least as it was intended to establish damages, was appropriately barred.

Because plaintiffs could not establish damages—an essential element of each of their pled causes of action—there was no material dispute of fact regarding those issues, and summary judgment was properly granted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division